MARY ANN CAMPBELL, Appellant, *v.* CHARLES L. BEAUMONT, Respondent.

The will of B. disposed of his property as follows : " I leave to my beloved wife, Mary Ann, all my property  *  *  *  to be enjoyed by her, for

her sole use and benefit, and in case of her decease, the same, or such portion as may remain thereof, it is my will and desire that the same shall be received and enjoyed by her son Charles, * * * requesting him, at the same time, that he will use well and not wastefully squander the little property I have gained by long years of toil." Charles was a son of the wife by a former husband. In an action for a construction of the will, *held,* that the widow took an absolute title, and therefore the power to dispose of the whole estate, unaffected by the provision as to her son.

*It seems* that if a limitation was intended, it is inconsistent with the absolute gift to the wife and is void.

*Terry* v. *Wiggins* (47 N. Y. 512), distinguished.

*Smith* v. *Bell* (6 Peters, 68), distinguished and questioned.

(Argued January 31, 1883; decided March 6, 1883.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made May 6, 1882, which affirmed a judgment entered upon a decision of the court on trial at Special Term.

This action was brought to obtain a construction of the will of John P. Beaumont, deceased.

The clause of the will in question is as follows: " I leave to my beloved wife, Mary Ann, all my property, of whatever kind, including eight bonds of one thousand dollars each, and certificate of twenty shares of the stock of the North River Bank in New York, contained in a tin box deposited by me in said bank, together with the silverware contained therein. Also all furniture, pictures, books and whatsoever else is contained in the premises occupied by me at No. 518 Broadway, as well as all other property of whatever kind I may die possessed, to be enjoyed by her for her sole use and benefit, and in case of her decease the same, or such portion as may remain thereof, it is my will and desire that the same shall be received and enjoyed by her son, Charles Lewis Beaumont, requesting him at the same time that he will use well and not wastefully squander the little property that I have gained by long years of toil."

The testator died in July, 1876, leaving him surviving Mary Ann Beaumont, his widow, who is now Mary Ann Campbell, the plaintiff herein, and also Charles Lewis Beaumont, named

in the will, who was not the son of the testator, but of his wife by a former husband.

*Freeman J. Fithian* for appellant. The gift by the testator of all his property to the plaintiff, with absolute power of disposition for her sole use and benefit without qualification, created a fee in the real estate unaided by the Revised Statutes. (1 R. S. 733, § 85; *Wm. H. B. Totten, respondent,* v. *Abraham S. Sprague, appellant,* 15 N. Y. W'kly Dig. 203.) The defendant has no interest whatever in the property in question. (*Cohen* v. *Cohen,* 3 Redf. 48; *Smith* v. *Van Ostrand,* 64 N. Y. 284; *Pinckney* v. *Pinckney,* 1 Brad. 271; *Helmer and Wife* v. *Shoemaker,* 22 Wend. 137; *Jackson et al.* v. *Delaney and Russell,* 13 Johns. 537; *Jackson et al.* v. *Robbins,* 15 id. 168; affirmed, 16 id. 537; *Wright* v. *Miller,* 4 Seld. 25; *McDonald* v. *Walgrove,* 1 Sandf. Ch. 274; *Ide* v. *Ide,* 5 Mass. 500; *Ross* v. *Ross,* 1 Jacobs & Walker's Ch. 153; *Bradley* v. *Pseixhotto,* 3 Ves. 323; *Flanders* v. *Clark,* 1 Ves. Sr. 9; *Atty.-Genl.* v. *Hall,* Fitzgibbons, 314, 321; 1 Roper on Legacies, 624; *McLean et al., Executors of Walgrove,* v. *McDonald,* 2 Barb. S. C. 534; *Patterson* v. *Ellis,* 11 Wend. 259.) There are no words in the will which cut down the gift to the plaintiff to the enjoyment of the principal for life. (*Clark* v. *Leupp,* 88 N. Y. 228; *Lambs* v. *Eames,* L. R., 10 Eq. Cas. 267.) Mrs. Campbell is vested with an absolute and unconditional power of disposition over the whole of the property devised, and as against her in her life-time or any grantee of hers, this remainder is void. (*Smith* v. *Van Ostrand,* 64 N. Y. 278–284–285; *Helmore and Wife* v. *Shoemaker,* 22 Wend. 137; *Ferry* v. *Wiggins,* 47 N. Y. 512.)

*George A. Baker* for respondent. The intention of the testator, so far as it is consistent with established rules of law, must govern the interpretation of the will. (*Smith* v. *Bell,* 6 Peters [U. S.], 68; *Pond* v. *Bergh,* 10 Paige, 140; *Terry* v. *Wiggins,* 47 N. Y. 512; *Colt* v. *Heard,* 4 Weekly Dig. 197.) The whole must be considered, and the court must, if possible,

give it a construction that will sustain the whole and every part of it. (*Smith* v. *Bell*, 6 Peters, 68 ; *Kane* v. *Astor's Exrs.*, 5 Sandf. 533 ; *Sweet* v. *Chase*, 2 Comst. 73.) Where a power of disposal accompanies a bequest or devise of a life estate, the power is limited· to such disposition as a tenant for life can make. Whatever power of disposal the words convey is limited by the estate with which they are connected. (*Brant* v. *Virginia Coal & Iron Co.*, U. S. Sup. Ct., Oct., 1876, New York Weekly Dig. 20.)

DANFORTH, J. This action was brought to obtain a construction of the will of John P. Beaumont, the question being, whether the plaintiff, his widow, took a fee in the real, and became the absolute owner of the personal estate, or an estate for life only. The difference between the learned courts below shows that the point presents a difficulty, but we are of opinion that the conclusion of the Special Term (expressed by VAN VORST, J.), upon the first trial, should be sustained. To depart from it words must be supplied to cut down an apparent absolute gift, and this cannot be done unless the language actually used by the testator requires it. We are not to conjecture what he meant, but ascertain the meaning of his words. (*Abbott* v. *Middleton*, 7 H. of L. Cas. 68.) "I leave," says the testator, "to my beloved wife, Mary Ann, all my property   *   *   *   to be enjoyed by her for her sole use and benefit,"·thus vesting the whole in the wife — the fee of the real estate, and the use and power of disposition of both real and personal estate. In what other manner can the words be satisfied ? The testator "leaves," that is, gives to his wife — withholds nothing — and then adds, " to be enjoyed by her for her sole use and benefit." There are no words of qualification, and giving to those used their exact sense, she is put in the place of the testator as to title, and all rights and privileges belonging to it. It is suggested by the respondent that the testator's object was to secure to her an estate free from the marital rights of any future husband. This requires not only a great modification in the general meaning of the words, but

imputes to the testator the exercise of unnecessary caution, for at the time of the execution of the will the statutes relating to the rights of married women fully protected her in the use of property so acquired. But the testator had in mind also, not his own son, but the son of his wife by a former husband, and after the provision referred to says, ", and in case of her " (his wife's)" decease, the same, or such portion as may remain thereof, it is my will shall be received and enjoyed by her son, Charles Lewis Beaumont, requesting him at the same time that he will use well, and not wastefully squander the little property I have gained by long years of toil." This language is resorted to by the defendant as restraining the bequest to the plaintiff. It seems insufficient to limit the wife's estate or interest, and rather to have been intended to express the natural anticipation of the testator, that this property, or some of it, would, as matter of course, go from the mother to her child, and his acquiescence in such devolution, coupled with a hope that what he had painfully acquired should not be wasted. But if more was intended, then in view of the absolute gift to the wife in the preceding sentence, the bequest to her son is void. (*Ross* v. *Ross,* 1 Jac. & W. 153; *The Att'y-Gen'l* v. *Hall,* Fitz-G. 314; *Bull* v. *Kingston,* 1 Meriv. 314; *Patterson* v. *Ellis,* 11 Wend. 260; *Tyson* v. *Blake,* 22 N. Y. 558; *Norris* v. *Beyea,* 13 id. 273; *Smith* v. *Van Ostrand,* 64 id. 278.) In all these cases it was in substance held that when the property is expressly or by necessary implication to be spent by the primary legatee at his pleasure, a further limitation is clearly hostile to the nature and intention of the gift. *Terry* v. *Wiggins* (47 N. Y. 512), cited by the respondent, is not necessarily adverse to this view; there reliance was placed upon the peculiar language of the will, and a devise " for personal use and maintenance" was held to terminate at the death of the devisee. *Smith* v. *Bell* (6 Peters, 68), also relied upon by him, is not easily reconcilable with the cases cited *supra.* But it is to be noticed in that case no counsel was heard in behalf of the party against whom the decision was made, and the remainder was the only substantial provision made by the will for the tes-

tator's only child.  It was thought the whole will showed a clear intention to limit the interest of the first taker to his life. It seems otherwise in the case before us.  The gift appears absolute and entire in its terms ; no child of the testator was to be provided for, and it better accords with decisions in this State to hold that, if a limitation over was attempted, it is repugnant and void (*Jackson* v. *Bull*, 10 Johns. 19), and with still earlier cases which declare that where " a particular estate is devised, we cannot, by any subsequent clause, collect a contrary intent by implication."  (*Popham* v. *Banfield*, 1 Salk. 236.)  If done in this case, it must be by construction, for the clause in favor of the wife stands by itself ; the property is bestowed upon her for her own use and benefit, and we cannot suppose the testator intended to subject his wife to the responsibility of a trustee for a remainderman, and thus make her liable to exhibit an inventory, if not to give security.  (*Westcott* v. *Cady*, 5 Johns. Ch. 349.)  This would be inconsistent with the implied power to dispose of, and the express power to use the property at pleasure and for her sole benefit.  All agree that the general rule requires the intention of the testator to be regarded, but it is more difficult to get aid from adjudged cases in the construction of one in hand.  Words and clauses differ, and courts do not agree in their interpretation, but we think the general current of authority is with the plaintiff, and requires us to hold in this case that the wife acquired an absolute interest in the estate, and, therefore, the power to dispose of the whole at her pleasure, unaffected by the subsequent provisions of the will.

The judgment of the General and Special Terms should therefore, be reversed, and the plaintiff have judgment, as prayed for by her complaint, with costs.

All concur.

Judgment accordingly.