IN THE MATTER OF THE ESTATE OF CALEB S. DICKERMAN, DECEASED.

HARRIET N. DICKERMAN, APPELLANT, v. MARK S. DICKERMAN, AS EXECUTOR, ETC., RESPONDENT.

*Devise of a remainder to a widow for life with a right to use part of the principal — construction of such a clause — when the surrogate cannot compel the widow to account.*

The defendant's testator gave to his wife the use, interest and income of all his estate remaining after the payment of his debts; and in addition thereto gave and bequeathed to her, and authorized her to use, such part of the principal of his estate as she might from time to time in her judgment require to properly support and maintain her in manner and style suitable for one in her station in life, "the same to be in lieu of dower." He also directed that the funeral charges of his wife should be paid out of the principal of the estate. The rest, residue and remainder of his estate he gave to the children of a brother.

*Held*, that the wife was to determine what part of the principal was required for her proper support and maintenance, not the executor or the surrogate.

That the surrogate had no power to compel her to account for the amount received by her.

That she was entitled to receive such amount as she required for future expenses,

and was not required to first make advances from her own funds and then apply to the executor for reimbursement.

APPEAL from a decree of the surrogate of Rensselaer county.

Caleb S. Dickerman died, leaving a will by the second clause of which it was provided as follows :

*Second.* I give, devise and bequeath to my beloved wife, Harriet N. Dickerman, the use, interest and income of all my estate remaining after payment of my said funeral charges, debts and expenses of administration, during her natural life ; and, in addition thereto, I give, devise and bequeath my said wife, and authorize her to use such part of the principal of my said estate as she may from time to time, in her judgment, require to properly support and maintain her, in manner and style suitable for one in her station in life. The same to be in lieu of dower in my estate. And I further direct that the funeral charges of said wife shall also be paid out of the said principal of my estate.

On July 14, 1884, the appellant petitioned the surrogate of Rensselaer county, under section 2717 of the Code, that the respondent, who is the executor of her husband's estate, pay to her $850 expended by her for support, also $300 every half year thereafter. On the return day objections were filed by the respondent and the appellant was ordered to account for said expenditure of $850. On September eighth she filed her account for $788, to which respondent filed objections. On October twenty-fourth she filed a further account for $669.15. The matter was submitted, and on December second the surrogate made his decree granting her petition that the executor pay to her $658.20, being at the rate of nine dollars and fifty cents per week for the period from September 2, 1882, up to January 1, 1884, on her legacy for support to January 1, 1884, and denying her petition that he pay to her $300 each half year thereafter, but granting to her permission to apply to the court from time to time for repayment of the moneys expended by her.

*Robert H. McClellan,* for the appellant.

*Irving Haynor,* for the respondent.

BY THE COURT.

The executor is, perhaps, correct in saying that the widow did not take a fee, and that there was a valid remainder over after her

death. (Although on that point see *Campbell* v. *Beaumont*, 91 N. Y., 464.) But that does not settle the question. The testator gave the widow the use, interest and income of all his estate, after payment of debts, etc., during her natural life. And his will stated that in addition he gave her and authorized her to use "such part of the principal of my said estate as she may, from time to time, *in her judgment* require to properly support and maintain her in manner and style suitable for one in her station in life."

There is nothing in the will inconsistent with this clause, which plainly leaves it to the judgment of the widow to determine how much she needs. The executor urges, to the contrary, the clause saying that this is in lieu of dower. But that clause is important to relieve the real estate. He also urges the clause that the widow's funeral expenses are to be paid from the principal. But clearly the widow can, in exercising her judgment, leave enough of the principal for this purpose. He also urges the gift over of the rest, residue and remainder. But, on his own construction, the surrogate can allow to the widow payments from the principal. Therefore, the gift over does not deprive her of some part of the principal. The only question is, whether she is to determine how much she requires, or whether the surrogate is to do this.

There is no mistaking the language of the will. And it was highly proper. The widow is about sixty years old; the estate is bout $5,000; the annual income about $170. The testator evidently saw that the income might not be enough for his wife. He had confidence in her judgment, and he was willing and desirous that she should use what *in her judgment* she required of the principal. There are probably no children of the testator, as the remainder is given to nephews and nieces.

Whether that remainder is valid, or whether the widow takes a fee, and can dispose of the principal (or whatever may remain), by deed or will, is not a question now before us. It is enough that the testator has declared that she may use such part of the principal as *in her judgment* she may from time to time require. She was under no obligation to render any account to the surrogate of her expenses; and the requirement of such an account was manifestly improper. Nor is the widow to be restricted to receiving a reimbursement of moneys from time to time expended by her.

· 588    PEOPLE ex rel. CAYUGA INDIANS *v.* COM'RS.

THIRD DEPARTMENT, JANUARY TERM, 1885.

She is entitled to have what she requires, in order to use it ; not merely to reimburse what she has used of her own money.

The decree of the surrogate should be reversed. The executor should be required to pay the widow $850, the amount she required for past expenses, and to pay to her the amount she requires from time to time, which, at present, she states to be $300 each half year. We think, also, from the position which the executor bears to the persons in remainder, that he should be personally charged with the costs of the widow in the Surrogate's Court and on this appeal.

Present — LEARNED, P. J., BOCKES and LANDON, JJ.

Decree reversed, executor allowed to pay petitioner according to opinion ; costs of petitioner before the surrogate and on appeal to be paid by executor personally. Order to be settled by LEARNED, P. J.