ORLEANS COUNTY.—HON. ISAAC S. SIGNOR, SURRO-
GATE.—June, 1885.

KELSEY *v.* VAN CAMP.

*In the matter of the estate of* AMOS KELSEY, *deceased.*

A Surrogate's court may construe a decedent's will *in any proceeding where* it becomes necessary in order to enable it to exercise powers expressly conferred upon it.

A Surrogate's court, in the exercise of its power to require from a testamentary-trustee security for the performance of his duties, is not confined to proceedings instituted by a petition filed under Code Civ. Pro., § 2815, but may make an order to such effect, where objection is duly taken; on a motion to open a decree rendered upon an accounting and modify it by delivering property to the applicant, who occupies the position of trustee under a will.

Testator, by his will, after making certain specific dispositions, gave the remainder of his farm, and all his other real estate, and all his personal estate not otherwise disposed of, to his wife, S., to have and to hold during her natural life; providing that she might use and employ the property so devised and given to her as she might see fit, for her own benefit, and might dispose of such part of said personal estate, from time to time, as she might see fit, or as might be proper for the best management thereof, for the benefit of those concerned, as she should direct; and ordering his executors, at his wife's death, to sell all his real estate, and all his personal estate, or the produce thereof that should then remain, not disposed of by him in said will, or by or under the direction of his wife, and distribute the proceeds of sale, after paying his debts and those of his wife, in a manner specified. S. claimed the right to expend the personal property for her own benefit, and that the executor should be directed, from time to time, to pay over to her, without notice or application to the court, such part of the principal fund as she might desire to use.—

*Held,* that S. had the right to the life use, only, of the personal property, and that the executor was bound to turn over to her all such property in his hands, to be held and managed by her as a testamentary trustee for the remaindermen.

Campbell *v.* Beaumont, 91 *N. Y.*, 464—distinguished.

PETITION by Sally Kelsey, decedent's widow, for the opening and modification of a decree made December 21st, 1883, judicially settling the account of Benjamin F. Van Camp, as executor of decedent's will. The facts are stated in the opinion.

JOHN CUNNEEN, *for petitioner.*

JONES, KEELER & SALISBURY, *for executor.*

W. C. RAMSDALE, *special guardian.*

THE SURROGATE.—Amos Kelsey, the husband of the petitioner, left a will, in and by which, after certain specific devises and bequests, he makes the following provisions: "The remainder of my farm . . . . . I give and devise, together with all other real estate of which I may die seized and owner, and all my personal estate of every description, not otherwise disposed of in this will, I give, devise and bequeath to my wife Sally Kelsey, to have and to hold during her natural life, to receive and have for her own use and benefit all not in this will otherwise disposed of, the rents and profits, income, produce, increase, possession and enjoyment during her natural life, requiring her to pay the taxes, and keep the buildings and fences in ordinary and proper repair, so that their value may not be decreased by neglect during said term, and my said wife may use and employ the property so devised and given to her as she may see fit for her benefit; and she may dispose of such part of said personal estate, from time to time, as she may see fit, or as may be proper for the best management thereof, for the benefit of those concerned,

as she shall direct.  At the death of my said wife, I will and direct that my executors of this will sell and dispose of, and reduce into money, as soon as can be done, without too much loss or sacrifice of property, all my real estate and all my personal estate, or the produce, thereof that shall then remain not disposed of by me in this will, or by or under the direction of my wife, and from the amount to be so ascertained let all my remaining debts, if any, and all just debts, if any, then found owing by my wife, and all expenses of administration be paid, and all the residue and remainder I give and bequeath to be divided into ten equal shares."   The testator then provides for the distribution of these ten shares.

The General Term of this department have decided that, by the clear provisions of this clause of the will, the petitioner is entitled to the possession of this property.   By a decree made by a former Surrogate, it was ordered that the executor should retain this property in his hands, " subject to the further order of this court."

The petitioner now asks that the executor be directed to pay over to her a portion of the principal fund now in his hands, that she may expend the same for her own benefit; and that the executor may also be directed, from time to time, to pay over to her, without notice or application to the court, such of said principal fund as she may desire to use.   Counsel for the residuary legatees and for the executor ask to be allowed to show that, by reason of advanced years and hostility to certain legatees, the petitioner, should be required to give bonds for the return of the

principal of the personal property to be turned over to her. Counsel for the petitioner objects, on the ground that, by the terms of the will, the petitioner has not only the right to the use of the personal property, but the right to expend for her own benefit any or all of the principal as she may see fit, or to make any disposition she may see fit to make of it; by gift, sale or in any other manner.

The jurisdiction of this court to construe the will on this proceeding is also questioned. It was held in Fiester v. Shepard (92 *N. Y.*, 251), and the cases cited by the learned Judge who wrote the opinion in that case, that Surrogates' courts possessed only the jurisdiction expressly conferred by law, and such powers as were incidentally conferred, or as were incidentally necessary to carry out powers expressly conferred. The only *express* jurisdiction to construe a will is by § 2624 of the Code of Civil Procedure, which provides for determining the construction, or effect of any disposition of personal property contained in a will of a resident of the State, executed in the State, on proceedings for probate. It is quite clear that, if the Surrogate's court has any jurisdiction in this matter to construe this will, it is by reason of its being incidental to a power given him to compel the petitioner, as a testamentary trustee, to give bonds, her incompetency or want of understanding being established. The petitioner is not named as executrix, and if she holds this property in trust, must do so by reason of being created a testamentary trustee by the will.

The first question, then, to be considered is—what

power has been conferred on this court, to compel a testamentary trustee to give bonds for the performance of the trust? Section 2815 of the Code provides that such security as may be required of an executor may, for like cause, be required of a testamentary trustee, upon a petition filed, and prescribes the proceedings that shall thereupon be taken; but, the parties in interest being all in court in this proceeding, and the objections being taken on a motion to open the decree, and direct the executor to pay over the funds, or a portion of them, I think the objections may be considered, if the petitioner be a testamentary trustee, and that, for the purpose of determining that question, this court may, so far as necessary and incidental thereto, construe the provisions of the will pertaining to the personal property (Code Civ. Pro., § 2481, *subd.* 11). In Tappen v. M. E. Church (*ante*, 187), it was held, reviewing several authorities, that, on a final accounting, a Surrogate's court could construe a will as incidental to his power to distribute an estate. If he may for that reason construe a will on a final accounting, he may construe it in any proceeding where it may become necessary in order to enable him to carry out powers expressly conferred on him.

The next question to be considered is—what interest does the petitioner take in the personal property under the will? Counsel for the petitioner claims, on the authority of Campbell v. Beaumont (91 *N. Y.*, 464), and cases there cited, that the petitioner is the absolute owner of the personal property, and consequently there is no trust, for the execution of which

she may be held responsible. In Campbell v. Beaumont (*supra*), there could be no question, from the plain reading of the will, that the testator intended to give his wife the right to use any or all of the principal for her own benefit, should she desire so to do. The will, after giving her the property absolutely, contained the express desire that, should any of the estate remain, his son Charles should receive and enjoy the same. It was held that the widow took an absolute title, and, that, if a limitation was intended, it was inconsistent with the absolute gift, and therefore void. The provisions of the will under consideration are not equally clear, but to my mind taken together, show that the testator meant to give his wife only a life estate in the personal property, but intended to give her the right to possess it, and manage it as she should see fit, change and convert one kind of property into another, or into cash, or make any other change she might deem best, for the management of the estate, or the benefit of herself and the other legatees. He gives to his wife all his personal estate, not otherwise disposed of, to have and to hold during her natural life; clearly only a life estate, if the will stopped here. The next clause is: " to receive and have for her own use and benefit, all not in this will otherwise disposed of " (a repetition, so far, of the former clause), " the rents and profits, income, increase, possession and enjoyment." How long? " During her natural life," not absolutely without qualification, as in Campbell v. Beaumont. After requiring her to keep buildings and fences in repair, " during said term," follows this provision:

" and my said wife may use and employ the property *so devised and given* to her as she may see fit for her benefit." This clause refers to the preceding portions of the will for the nature of the gift; which by the preceding clauses is clearly a life estate only. The testator evidently meant that she should use it as she thought best and as she desired, but evidently meant such a use as would be consistent with the estate conveyed; else why so particular, in two preceding clauses, the only ones by which the estate is conveyed, to limit the term to her natural life.

But it is claimed that the subsequent clause, which gives her the right to " dispose of such part of said personal estate, from time to time, as she may see fit, or as may be proper *for the best management thereof, for the benefit of those concerned,* as she may direct," permits her not only to dispose of any part, or the whole of the estate of which she shall deem it best to dispose, for the management of the estate, but for her own use or for any other purpose. I do not think the language warrants such a construction. The power to dispose of this property seems to be clearly limited to such disposal as may be proper to manage the estate, not for herself alone but for the benefit of all concerned, her own benefit so far as the life use is concerned, and also for the benefit of those who are to receive the *corpus* of the estate after her life estate terminates. From the inventory filed in the estate, as well as from the proceeding in which the decree was made, which it is now sought to open, it appears that quite a considerable part of the personal property consisted of farming stock, tools, etc.,

which, from their nature, would occasionally require
to be sold, replaced or converted into money or other
property, and I think this was the power intended to
given, and which was given by the will; hence
˰ ˰ other provision, that, at the death of his wife, the
executor should take and dispose of such property as
had not been disposed of, and convert it into money.
Such as she had already disposed of and converted
into money could be distributed with the avails of
such as he should dispose of. The testator disposed
of all his property by will, and the expression, " not
disposed of by me in this will " must mean not dis-
posed of by the other provisions of his will than the
one under consideration. The testator also makes
any debts he or his wife may owe at the death of his
wife a charge on his estate; but I find in this pro-
vision nothing to convince me that he intended any-
thing more than a life estate. He evidently intended,
whatever the legal effect may be, to include any pro-
duce of the personal estate, not used by his wife in
the residue of his estate to be divided, and so pro-
vides that her debts, if any, shall be paid out of the
general fund. The expression is, that the executor
shall sell, etc., " my personal estate *or the produce
thereof* that shall then remain."

In the able brief of the special guardian, my atten-
tion is called to several cases, in which provisions of
wills not wholly unlike this have been construed. In
Brant v. Virginia Coal & Iron Co. (93 *U. S.*, 326),
the language of the will was: " to have and to hold
during her life, and to do with as she sees proper
before her death." The court held that these words

only conferred a life estate, that the disposal must be consistent with the estate conferred, and that "whatsoever power òf disposal the words confer, is limited, by the estate with which they are connected." In Boyd v. Strahan (36 *Ill.*, 355), the personal property not otherwise disposed of was given to the wife, "to be at her own disposal, and for her own proper use and benefit during her natural life;" and the court held that the words "during her natural life" so qualified the power of disposal, as to make it mean such disposal as a tenant for life could make. In Bradley v. Wescott (13 *Vesey*, 444), the testator gave property to his wife, Elizabeth Swanbeck, for and during her natural life; to be at her full, free and absolute disposal, and disposition during her natural life; without being in any wise liable to be called to any account of or concerning the amount, value or particulars thereof, by any person or persons whosoever; and gave certain of his said property to such person as his said wife should direct, the same to be given to them, after her death, and in case she failed to designate any one, said property was to fall into the residúum which should remain undisposed of by said wife at the time of her death. Sir WILLIAM GRANT, Master of the Rolls, said: "the first question to be disposed of is—what interest Mrs. Swanbeck took under the will . . . . . As the testator has given in express terms an interest for life, I cannot, under the ambiguous words afterward thrown in, extend that interest to an absolute property. I must construe the subsequent words, with reference to the express interest for life previously given, that she is to have

as full, free and absolute disposition as a tenant for life can have." In the case of Smith v. Van Ostrand (64 *N. Y.*, 278), RAPALLO, J., makes a distinction between such power of disposal as does, and such as does not give an absolute estate. He says: "It is contended, on the part of the respondent, that the gift of the remainder to the children is repugnant to the prior gift to the wife, and therefore void, and in support of this proposition the cases of Patterson v. Ellis (11 *Wend.*, 259); Hill v. Hill (4 *Barb.*, 419); Tyson v. Blake (22 *N. Y.*, 558); and Norris v. Beyea (3 *Kern.*, 286), are cited. These cases sustain the proposition that, where an absolute power of disposal is given to the first legatee, a remainder over is void for repugnancy . . . . . In the other cases cited, the remainders were held valid, but they recognized the proposition that, if the power of disposition of the first taker is absolute, the remainder is repugnant. But they also recognize that if the *jus disponendi* is conditional, the remainder is not repugnant." In that case, a sum was given to a widow, for her support during her natural life. The court held that she had a power of disposal, but only for her own support, and hence the gift was not absolute. In the case under consideration, by transposing a few words the clause giving the *jus disponendi* is: "She may dispose of such part of said personal estate, from time to time as she may see fit, or as may be proper as she shall direct, for the best management thereof for the benefit of those concerned." The power or right of disposal here is (while as to the *manner* thereof unlimited, and left entirely to her discretion)

limited as to the *purpose* for which she may dispose of it, viz.: the best management thereof as trustee for herself and the residuary legatees.

It is a general rule, in the construction of wills, that all parts of a will are to be construed in relation to each other, and so, if possible, to form one consistent whole; and it seems to me this is accomplished by this construction. In Quinn v. Hardenbrook (54 *N. Y.*, 83), GRAY, C., says that, when the contest is between the heir and a stranger to the blood of the testator, whose only claim, except for the will, would be her dower interest, the claim of the heir has the advantage; in this—that, when there are two equally probable constructions of a will, that one is to be adopted which prefers the kin of the testator to strangers. But it is not necessary to approve or apply that rule in this case. I think that this case is distinguishable from Campbell v. Beaumont (91 *N. Y.*, 464), and the cases holding similarly to that, in this—that, in these cases, there was an unquestionable right given the legatee to use and dispose of any or all of the property in question for her own sole use and benefit, and in so doing to decrease or entirely use up the principal, while in the present case, I think it is only the power of management and disposition given, which she may, *as trustee* deem best, *in managing* the estate for the beneficiaries or *cestuis que trust*, including herself as a life tenant, or one entitled to the life estate. FINCH, J., in Bliven v. Seymour (88 *N. Y.*, 478), citing Smith v. Van Ostrand (*supra*), says, in reference to executors delivering over personal property to the legatee for life: "The correct rule was

declared to be that, unless otherwise directed by the will, it was the duty of the executors either to invest the money and pay over the income, preserving the principal for the remaindermen, or, if they paid it to a legatee for life, exact security which would perfectly protect the principal."

In this case, the testator, by his will, directed that his wife should have the possession, and entire control of the personal property, and the General Term so stated, in a memorandum dismissing an action brought by the executor for the construction of the will, in which he specially asks instructions in regard to paying over the funds in his hands. The decree made by the former Surrogate seems to have been incomplete, as it makes no final order as to the custody of the property, but leaves it in the hands of the executors until the further order of this court, I think that, under § 2481, subd. 6, of the Code of Civil Procedure, I can and should open the decree, and make a final order directing the executor to turn over all the personal property in his hands to the petitioner, to be held and managed by her as a testamentary trustee, unless it should be shown that some of the objections contemplated by § 2638 of the Code, or by 2 R. S., 70, ch. 6, tit. 2, art. 1, § 3 (am'd L. 1883, ch. 79) exist, or that, for any other reason, she is incompetent to manage the estate; in which case, security may and should be required, or the property withheld; and for the purpose of determining that question, the court will hear such evidence as may be presented.