DOLLY W. CROZIER AND OTHERS, PLAINTIFFS, *v.* CYRUS BRAY AND OTHERS, DEFENDANTS.

*Will — extent of the estate devised — when a remainder on a lapsed legacy will be sustained.*

A testator by his will provided: "I give and devise to my wife and my two daughters, Tasey and Harriet P., in common, all my land or real estate, to occupy and dispose of as they may think proper, provided that my wife and daughter Tasey have a comfortable home in the house, together with all the fuel, fruit and other proceeds of the farm to which they will be entitled as joint owners; provided, further, that should my daughter Harriet P. die without leaving a child or children, her share of my estate be equally shared by my wife and daughter Tasey." This devise was made subject to the payment of several small legacies. By a codicil, which was made part of the will, the testator provided, "I therefore will and direct that all that may remain of the property of my wife Hannah L., both real and personal, at her decease, be made over to and become the property of Cyrus Bray; providing said Cyrus should decease before my wife, then the property my wife should leave at her decease shall be received by my two daughters Tasey and Harriet P., and become their property and their heirs." The testator's wife died before him.

*Held,* that it seemed that the wife was intended to take not an estate in fee but a life estate in an undivided one-third of the real estate, with remainder to Cyrus, if living, and if not to the two daughters. (HAIGHT, J., dissenting.)

That it was not necessary to determine the extent of the estate to be taken by her in this case, as by reason of her death before the testator, the estate never vested in her, and that upon her death the devise did not lapse but vested in the ulterior devisee. (HAIGHT, J., dissenting.)

*Burbank* v. *Whitney* (24 Pick., 146), followed.

That the codicil might be construed as providing only for the case of the death of the wife during the lifetime of the testator.

MOTION by the plaintiffs for a new trial, on exceptions taken at the Ontario Circuit and ordered to be heard at the General Term in the first instance.

*Charles S. Baker*, for the plaintiffs.

*Edwin Hicks*, for the defendants.

SMITH, P. J.:

Action to recover the possession of five-sevenths of one-third of a farm of about 180 acres of land in Seneca, Ontario county. The common source of title was Luther Whitney, who died in May, 1878, leaving a last will bearing date 13th February, 1864, and a codicil thereto, dated 19th March, 1872. By the terms of his will the testator, after providing for the payment of his debts, bequeathed to his wife, Hannah L. Whitney, certain personal property, and then provided as follows : " I give and devise to my wife and my two daughters, Tasey and Harriet P., in common, all my land or real estate, to occupy and dispose of as they may think proper, pro vided that my wife and daughter Tasey have a comfortable home in the house, together with all the fuel, fruit and other proceeds of the farm to which they will be entitled as joint owners; provided further, that should my daughter Harriet P. die without leaving a child or children, her share of my estate be equally shared by my wife and daughter Tasey." This devise was made subject to the payment of several small legacies to certain children named, amount- ing in all to $100. The testator then bequeathed to his daughter Cornelia, $1,000, but in case of her death without leaving a child, it was to go to his wife and daughters Tasey and Harriet P., in certain contingencies. By his codicil, after making it a part of his will, the testator provided as follows : " I therefore will and direct that all that may remain of the property of my wife, Hannah L., both real and personal, at her decease, be made over to and become the property of Cyrus Bray; providing said Cyrus should decease before my wife, then the property my wife should leave at her decease shall be received by my two daughters, Tasey and Harriet P., and become their property and their heirs." Cyrus Bray is the husband of the daughter Harriet P., whom he married before the will was made. The testator's wife died in 1876, before the death of her husband.

The contention relates to the share of the real estate devised to the wife; the defendants claiming the same under the gift in the codicil to Cyrus Bray, and the plaintiffs contending that the codicil is void, by reason of repugnancy to the gift to the wife, which they claim was in fee simple, absolute, and further that the gift to the wife having lapsed by reason of her dying before the testator, her share of the land descended to the testator's heirs at law.

The question as to the estate intended to be given to the wife is not entirely clear. The words of the gift to the wife and the two daughters, ending with the words "real estate," if they stood alone, would suffice to convey to each an undivided third in fee. The gift in the codicil to Bray, is of what "may remain" of the real and also of the personal property, which latter is bequeathed to the wife in words that would convey it to her absolutely. These provisions also tend to indicate an intent to give the wife a fee in the land. But the words of gift above referred to are qualified by what immediately follows them, and especially by the two provisos in the same sentence, the last of which, if it has any effect whatever, indicates very clearly that as to his daughter, Harriet, the testator intended the devise to be of a life estate or a contingent fee only. By that proviso Harriet's share is expressly given to the wife and Tasey, in the event of her dying without leaving a child. A like intent, in respect to the share given to the wife, is indicated by the codicil, taken as a whole, which, although executed several years subsequently to the will, is in express terms made a part of it and is to be read as such.

Undoubtedly, a devise of lands, with power of absolute disposal for the use of the devisee, without anything to qualify the words, is a gift in fee simple. There are numerous cases so holding, many of which are cited by the learned counsel for the plaintiffs, but it is unnecessary to refer to them as the doctrine is not disputed. But it has frequently been held that there is no repugnancy in a general devise or bequest to one person in terms which would ordinarily convey the whole estate, and a subsequent provision giving the same estate to another person upon the happening of a contingent event. (*Smith* v. *Bell*, 6 Pet., 68; *Norris* v. *Beyea*, 13 N. Y., 273; *Terry* v. *Wiggins*, 47 id., 512; *Taggart* v. *Murray*, 53 id., 233; *Smith* v. *Van Ostrand*, 64 id., 278; *Wager* v. *Wager*, 96 id., 164; *Colt* v. *Heard*, 10 Hun, 189.)

In *Terry* v. *Wiggins* (*supra*), after a devise in fee, the will contained a devise of other real estate to the same devisee "for her own personal and independent use and maintenance, with full power to sell or otherwise dispose of the same in part or in the whole, if she should require it or deem it expedient so to do," and upon her death, a devise over to a religious society. It was held that by the last devise, the devisee took a life estate only, with a conditional power of disposal annexed, which did not operate to enlarge the estate to a fee, and that the limitation over was not repugnant to the devise, and was valid. The court considered that the power of disposal annexed to the gift only authorized a disposition by the devisee which should take effect during her lifetime and not by will, and stress was laid upon that fact, among others, in determining that the estate given was for life only.

In the present case, the words "to dispose of" (which are the only words that can be regarded as expressly giving an absolute power of disposal, if such power is given at all), are coupled with the words "to occupy," which latter words could have effect only during the lifetime of the respective devisees. The proviso annexed to the gift that the wife and Tasey should have "a comfortable home in the house" on the land devised, "together with *all* the fuel, fruit and other proceeds" of the farm, indicates that the testator had in mind, to make provision for them during their lives, and inasmuch as such provision for their benefit is to the exclusion of the daughter Harriet, it is, to that extent, a modification of the gift to the three as tenants in common. If the devise is of a life estate only, the power of disposal is limited to such disposition as a tenant for life can make, unless there are other words clearly indicating that a larger power was intended. (*Henderson* v. *Blackburn*, 104 Ill., 227, and cases there cited.)

Every will must be construed *ex visceribus suis*, and in the present case there is much reason for saying that a proper interpretation of the will and the codicil, leads to the conclusion that the wife was intended to take a life estate in an undivided third of the real estate, remainder to Cyrus Bray, if living at the death of the wife, and if not, to the daughters Harriet and Tasey; that Harriet was to take a life estate in one-third, and in case of her death without issue, remainder to the wife and Tasey; and that Tasey was

to take one-third in fee, subject to the use of the house and of the products of the farm by the wife and Harriet during their lives. The litigation in this action involves, however, the share of the wife alone, and the provisions of the will in respect to the daughters are important only as they bear upon the meaning of the devise to the wife.

The interpretation above suggested gives effect to every provision of the will and codicil, in accordance with a cardinal rule to be observed in the construction of wills (*Chrystie* v. *Phyfe*, 19 N. Y., 344, 438; *Taggart* v. *Murray*, 53 id., 230, 236), while the construction contended for by the plaintiffs' counsel ignores the codicil, and, to a great extent, the provisos and other qualifying words annexed to the gift.

We do not, however, decide the question above discussed, not deeming it necessary to do so in order to dispose of the case, for whatever the extent of the devise to the wife, as she did not survive the testator, the estate never vested in her. Thereupon, however, we conceive the estate did not lapse, but the ulterior devise contained in the codicil took effect. The case of *Burbank* v. *Whitney* (24 Pick., 146), cited by the defendants' counsel, is in point. To the same effect are *Mowatt* v. *Carow* (7 Paige, 328); *Norris* v. *Beyea* (3 Kern., 273); *Downing* v. *Marshall* (23 N. Y., 366); *McLean* v. *Freeman* (9 Hun, 246); S. C., affirmed (70 N. Y., 81); *Wager* v. *Wager* (96 id., 164). In the case last cited it was said by RUGER, Ch. J., delivering the opinion of the court, that " an ulterior devise, to take effect upon the defeasance of a former one, will attach as well when the failure of the primary devise is by the happening of some event, such as the death of the devisee during the lifetime of the testator, as by an event occurring after his death, by which the first devise after it has taken effect is defeated, unless the ulterior devise is so connected with and dependent upon the primary one that it cannot consistently with the provisions of the will have effect if the latter fails *ab initio.*" Here there is no such connection or dependency, the clear intention being to give to Cyrus Bray the share which the wife would have taken if she had survived the testator. Such intent is manifest from the terms of the will and the codicil, in connection with the fact that the testator (who we are to presume did not intend to die

intestate as to any part of his estate), suffered the codicil to remain as the expression of his wishes in regard to the disposition of the share in question, during the entire period of his survival of his wife. See, also, *In re Stringer's Estate* (6 Ch. Div., 1), cited by ANDREWS, J., in *Van Horne* v. *Campbell* (3 N. East. R., 316, 329).

Again, even if the wife, in case she had survived her husband, would have taken an estate in fee, the provision in the codicil giving to Bray what might remain at the death of the wife, may be held to provide only for the case of her death during the lifetime of the testator. (*Livingston* v. *Greene*, 52 N. Y., 118; *Kelly* v. *Kelly*, 61 id., 47; *Embury* v. *Sheldon*, 68 id., 227; *Briggs* v. *Shaw*, 9 Allen, 516; *Kerr* v. *Bryan*, 32 Hun, 51.) Thus construed, it is not repugnant to the will and is valid. On the whole, we are of the opinion that it is apparent from the will and codicil that the testator intended to give the land in question to Bray, in fee, in the contingencies that have happened.

It results from these views that the motion for a new trial should be denied and judgment ordered for the defendants on the verdict.

BARKER and BRADLEY, JJ., concurred.

HAIGHT, J. (dissenting), after stating the facts substantially as set forth in the foregoing opinion, said: "The question presented for our determination is whether or not the provisions of the codicil are repugnant to and in conflict with the provisions of the will so that they cannot stand. It first becomes necessary to determine whether or not the devise to Hannah L. gave her a fee or life estate. If she was given a fee, then the provision in the codicil for Cyrus Bray would be repugnant to it and void. The statute provides that "the term 'heirs,' or other words of inheritance, shall not be requisite to create or convey an estate in fee; and every grant or devise of real estate, or any interest therein hereafter to be executed, shall pass all the estate or interest of the grantor or testator, unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied in the terms of such grant." (1 R. S., 748 )

Where an estate is given in one part of a will in clear and decisive terms, such estate cannot be taken away or cut down by any subsequent words that are not as clear and decisive as the words of the clause giving the estate. (*Roseboom* v. *Roseboom*, 81 N. Y., 356.)

In the case of *Campbell* v. *Beaumont* (91 N. Y., 464), the testator left to his wife Mary Ann, "all my property * * * to be enjoyed by her for her sole use and benefit, and in case of her decease, the same or such portion as may remain thereof, it is my will and desire that the same shall be received and enjoyed by her son Charles." It was held that the widow took an absolute title. It appears to me that this case is in point and controlling upon the question under consideration. Whitney, the testator, first gave to his wife all his personal property forever. This bequest is absolute in terms, and without qualification, and yet, by his codicil he again attempts to give her personal property to Cyrus Bray.

Again, he devised to his wife and two daughters, in common, all of his real estate " to occupy and dispose of as they may think proper." This language, standing alone and unqualified, is sufficient to convey the fee ; if there was a remainder created, they could not well dispose of the real estate as they may think proper. He then provided " that my wife and daughter Tasey have a comfortable home in the house, together with all the fuel, fruit and other proceeds of the farm to which they will be entitled as *joint owners,*" etc. These words do not limit the devise to the wife or daughter Tasey, but expressly name them as owners. At most, they can only mean that his daughter Harriet P. should do nothing to deprive his wife and daughter Tasey from having the use of the house with such fuel and proceeds of the farm as they will be entitled to as *joint owners.* The interest of Harriet P. it is not necessary to consider. This devise is then made subject to certain legacies. By his codicil he directed that all that may remain of the property of his wife, both real and personal, at her decease, be made over to and become the property of Cyrus Bray. The codicil does not purport to dispose of his property, but by it the testator attempts to dispose of the property of *his wife.* It may be urged, however, that this interpretation of the codicil is too technical, that he only attempted to dispose of the property which the wife had received under his will. If I assume this to be the case could the provision then stand ? The widow had the personal property given to her forever. She had this interest in the real estate given to her to occupy and dispose of as she may think proper. If she was given but a life estate she could not dispose of the property " as she may think proper,"

for, in that case, she could only use the proceeds, and the fee in the land would have to be preserved for the remainderman.

If the devise to her is limited that to Tasey is also, for the devise to both is in the same words, and yet as to Tasey no remainderman is named, and consequently the fee as to her interest remains undisposed of. It therefore appears to me that the provisions of the codicil are repugnant to and in conflict with the provisions of the will; that the devise under the will gave the wife a fee, and that the estate thus given is not cut down by the words made use of in the codicil. (See *Howard* v. *Carusi*, 109 U. S., 725; *Van Horne* v. *Campbell*, 3 Eastern R., 84.)

I am aware that in construing wills the intention of the testator must be our chief guide, and that in determining such intent we must take into consideration the whole instrument and give effect to all of its provisions so far as we can consistently with the rules of law; but where we find provisions in conflict with and repugnant to each other, one must fail, and in such case the rule as stated in *Roseboom* v. *Roseboom* (*supra*), must prevail.

Our attention has been called to the case of *Wager* v. *Wager* (96 N. Y., 164) in which case the devise was to the daughter, but provided that in case she should die leaving no issue, before the death of the testator's wife, that then in that case the property should go to the wife. It will be observed that in that case the only words used were the words " I give, devise. and bequeath." She was not given the power to dispose of the property as she might think proper. There was nothing repugnant to or in conflict with the gift to the wife in case of the daughter's death without issue. It therefore appears that the case is clearly distinguishable in this regard.

It is now contended that because of the death of the wife during the life of the testator, that Bray, as the ulterior devisee, can take. This would undoubtedly be the case were it not for the fact that the devise to Bray was void for repugnancy; but being void, it cannot be made valid by the death of the first taker. I am aware that a single expression occurring in the opinion in 24 Pickering, 146–156, appears to favor the idea that a void provision of a will may be made valid by the death of a first devisee during the lifetime of the testator. But I have been unable to find any such doctrine pro-

mulgated in the courts of this State. On the contray, in every case where the ulterior devisee has been permitted to take on account of such prior death of the first devisee, it has been upon the ground that the provisions of the will were valid and not repugnant. In the case of *Wager* v. *Wager (supra)*, the first devisee died during the lifetime of the testator, and yet RUGER, Ch. J., proceeds in an elaborate opinion to show that the provisions of that will were not repugnant. If the doctrine now contended for is to prevail, it made no difference whether the provisions were repugnant or not, for, if repugnant, it would cease to be so on such prior death of the first taker. The cases of *Norris* v. *Beyea* (13 N. Y., 273, 285); *Downing* v. *Marshall* (23 id., 366, 370); and *McLean* v. *Freeman* (70 id., 81, 85), are to the same effect.

• In the case of *Van Horne* v. *Campbell* (3 East. R., 84), it is said that the *In re Stringer Estate* (6 Ch. Div., 1), was reversed on appeal on two grounds: First. That as the first gift failed by the death of the primary devisee before the death of the testator, the second devisee took effect as a primary limitation. Second. That on the whole will the intention was that the primary devisee should have only a life estate. I have carefully read the opinions in the latter case, and I do not understand that the reversal was placed upon the first ground, but upon the ground that the provisions of the will were not repugnant, that the first devisee took only a life estate.

In the cases of *Hughes* v. *Ellis* (20 Beavan, 193); and *Greated* v. *Greated* (26 id., 621), the primary devisees died during the lifetime of the testator, and yet it was held that the ulterior devisee could not take for the reason that the provisions of the will under which he claimed were repugnant and void.

Again, it is said that the "decease" mentioned in the codicil was intended to mean "decease" during the lifetime of the testator. But it appears to me that a careful reading of the codicil will dispose of this question: "I therefore will and direct that all that may remain of the property of my wife, etc., at her decease, be made over to and become the property of Cyrus Bray." If the "decease" of the wife means "decease" during the life of the testator, what property of the wife could then "remain"? She had to survive the testator in order to take any property under the will. Dying

before she could take nothing and nothing could remain. The codicil would thus be meaningless. (*Nellis* v. *Nellis*, 99 N. Y., 505.)

The motion for new trial should be granted.

Motion for new trial denied, and judgment ordered for the defendants upon the verdict.