JOHN WELLS AND OTHERS, PLAINTIFFS, *v.* GEORGE L. G. SEELEY, AS GENERAL GUARDIAN OF HELEN P. BEARDS-LEY, DECEASED, AND OTHERS, DEFENDANTS.

*When a power, given to a widow, to hold and use as she shall see fit the residuary estate of her husband, does not invalidate a gift of what may remain to her children — the sale of an infant's real estate does not change the character of the infant's interest in the proceeds thereof, which retains the character of realty — 2 R. S., 195, secs. 175, 180.*

Justus Beardsley died on September 30, 1879, leaving him surviving his widow, Emily R. Beardsley, and two children, Willis S. and Helen P. Beardsley, and leaving a last will and testament, by the fourth clause of which he provided as follows: "All the rest and residue of my estate, both real and personal, I give and bequeath to my beloved wife, Emily R. Beardsley, to be held and used by her as she shall see fit and proper during the full term of her life; and at her death if any part of my said estate shall remain unexpended, then, and in that case, I give and bequeath such remaining portion to my said son, Willis S., and my said daughter, Helen P., in equal parts each to each." Willis S. Beardsley died on April 14, 1883, intestate, leaving no child or descendant. Emily R. Beardsley died intestate on January 31, 1885, leaving Helen P. her only surviving child or descendant. Helen P. Beardsley died June 16, 1885, aged seventeen years, leaving no child or lineal descendant, but leaving a last will and testament, which purported to devise and bequeath all her real and personal property, which was duly proved and admitted to probate as a will of personal property only.

*Held,* that the testator's widow did not acquire such an absolute title to the property in controversy as to render the limitation over to her children void, either under the rule at common law or under the Revised Statutes.

*Campbell* v. *Beaumont* (91 N. Y., 464); *Van Horne* v. *Campbell* (100 id., 287) distinguished.

That, upon the death of Willis S., intestate, his interest in the property became vested in Helen P., subject only to her mother's life estate.

That, upon the death of the widow, her life estate terminated and the whole estate vested in Helen by virtue of the provisions of her father's will, and by direct inheritance from her deceased brother.

That a sale of this property, in proceedings for the sale of infant's real estate, did not change the character of the infant's interest therein, and that the proceeds of the sale must be deemed real estate and did not pass to the devisees mentioned in Helen's will as she was incapable of making a will of real estate.

That, by the statute of descents, on the death of Helen, the property in question passed to the brothers and sisters of Justus Beardsley, deceased, as well that portion which was inherited from Willis S. Beardsley as that which came to her by devise from her father.

SUBMISSION of a controversy, upon an agreed statement of facts, pursuant to the provisions of section 1279 of the Code of Civil Procedure.

*Burdick & Burdick*, for the plaintiffs.

*William S. Oliver*, for the defendants.

MARTIN, J.:

This was a submission under section 1279 of the Code of Civil Procedure of a controversy between the parties. On the 30th day of September, 1879, Justus Beardsley died seized of real estate of the value of $2,750 and personal property of the value of $3,400. He left him surviving his widow, Emily R. Beardsley, and two children, Willis S. and Helen P. Beardsley. He also left a last will and testament, which, after making certain provisions for the payment of his debts, the maintenance and education of his daughter, and giving his son a legacy of $300, contained the following: "Fourth. All the rest and residue of my estate, both real and personal, I give and bequeath to my beloved wife, Emily R. Beardsley, to be held and used by her as she shall see fit and proper, during the full term of her life; and at her death, if any part of my said estate shall remain unexpended, then, and in that case, I give and bequeath such remaining portion to my said son, Willis S., and my said daughter, Helen P., in equal parts each to each." By the fifth clause of his will he appointed his wife as sole executrix, and authorized and empowered her, "his said executrix," to sell and convey any part or all of his real estate as fully and completely as he "might do in his life time," and to use, divide and adjust his said estate according to the several provisions of his will. This will was admitted to probate, and letters testamentary were duly issued to Emily R. Beardsley, who qualified and took and held possession until her death, of both the real and personal property of which said Justus Beardsley died seized.

Willis S. Beardsley died intestate April 14, 1883, leaving no child or descendant. On the 31st day of January, 1885, Emily R. Beardsley died intestate, leaving Helen P. her only surviving child or descendant. Helen P. Beardsley died June 16, 1885, aged seventeen years, leaving no child or lineal descendant, but leaving a last

will and testament which purported to devise and bequeath all her real and personal property, and likewise appointing Luke Wells as the sole executor thereof. This will was duly proved and admitted to probate as a will of personal property only. At the death of Helen P. Beardsley the portion of her estate now in controversy consisted of the avails of the real estate of which her father died seized, which were received upon a sale in proceedings under the statute for the sale of infants' real estate, and which amounted to the sum of $2,695, besides interest. The avails of such sale were at the time of her death and now are in the possession of the defendant Seeley, who was the general guardian of said Helen P. Beardsley. At the time of her death Helen P. was seized and the owner of such proceeds, and if such proceeds were personal estate they passed by her will; if real estate, they descended to her heirs, or certain of them.

The plaintiffs are the brothers and sisters, or the representatives of the brothers and sisters, of Emily R. Beardsley, and are the heirs-at-law of Helen P. Beardsley on her mother's side. The defendants, except George Seeley, are the brothers and sisters of the father of Helen P. and Willis S. Beardsley, and are their heirs-at-law on their father's side.

The plaintiffs claim that, under and by virtue of the provisions of the will of Justus Beardsley, his widow acquired an absolute title of both the real and personal estate of said testator; that upon the death of Emily the estate in question descended from her to Helen P. Beardsley; and upon the death of the latter it descended to the plaintiffs, as the brothers and sisters of her mother, on the ground that the estate descended to Helen from her mother, and not from her father.

Thus we are, at the outset, presented with the question whether by the will of Justus Beardsley his wife acquired such a title to the property in question as rendered the creation of a remainder over to his son and daughter void. The plaintiffs' contention is that by this will the testator's widow was given the absolute right to expend and dispose of the property in question, which was devised and bequeathed to her for life; and, therefore, that the subsequent limitation over to the son and daughter was void as being repugnant to the absolute ownership and power of disposition thus given to the widow.

We do not think the plaintiff's contention can be sustained. A careful examination of this will leads us to the conclusion that it was not the intention of the testator to vest the absolute title to this property in his widow; but that it was his intention to devise and bequeath to her the use of such property during her life, with the power to use such portion of the principal as should, in her opinion, be necessary for her support, and to carry out the provisions of the testator's will. We think the widow took a life estate only, with a conditional power of disposition, which did not enlarge her interest or estate therein to an absolute fee; that the limitation over was not repugnant to the primary devise, and was valid. (*Smith* v. *Bell*, 6 Peters, 68; *The Trustees, etc.,* v. *Kellogg*, 16 N. Y., 83; *Terry* v. *Wiggins*, 47 id., 512; *Smith* v. *Van Ostrand*, 64 id., 278; *Wager* v. *Wager*, 96 N. Y., 164; *Colt* v. *Heard*, 4 W. D., 197; *Flanagan* v. *Flanagan*, 8 Abb. N. C., 413; *Spencer* v. *Strait*, 38 Hun, 228; *Greyston* v. *Clark*, 41 id., 125; 1 R. S., 725, §§ 32, 33; p. 732, § 81.)

In *Smith* v. *Bell*, where the devise was as follows: " I give to my wife, Elizabeth Goodwin, all my personal estate, whatsoever and wheresoever and of what nature, kind and quality soever after payment of my debts, legacies and funeral expenses, which personal estate I give and bequeath unto my said wife, Elizabeth Goodwin, to and for her own use and disposal, absolutely, the remainder, after her decease, to be for the use of said Jessie Goodwin," it was held that Elizabeth took only a life estate, and that the remainder to Jessie was valid.

In the case of the *Trustees* v. *Kellogg* the testator bequeathed all the rest and residue of his estate, both real and personal, to his daughter, her heirs and assigns forever; and bequeathed to the Theological Seminary of Auburn, $10,000, to be paid after the death of his daughter. He also directed the guardian of his daughter to apply all, or such part of his estate as he should deem necessary for her maintenance, education and support. It was there held that there was no such repugnancy between the provisions for the daughter and the bequest of the legacy to the seminary as to render such legacy void.

In the Terry case, where, after a devise in fee, the will contained a devise of other real estate to the same devisee for her own per-

sonal and independent use and maintenance, with full power to sell or otherwise dispose of the same in part, or the whole if she should require it or deem it expedient, and upon her death a devise over to a religious society, it was held that by the last devise the devisee took a life estate only, with a conditional power of disposal annexed, which did not operate to enlarge the estate to a fee, and only authorized a disposition by the devisee by a conveyance which should take effect during her lifetime, not by will; also that the limitation over was not repugnant to this devise and was valid.

In *Smith* v. *Van Ostrand,* the will of S. bequeathed to his wife the sum of $1,650 in lieu of dower for her support during her natural life, or so long as she should remain his widow, then "her said dower" to be transferred to testator's three children, held that the bequest gave to the widow the use of the $1,650 during her life or widowhood, with power to apply so much of the principal as might be necessary for her support; but with no further power of disposition and subject to the exercise of this power, gave a remainder in the principal to the children; and that this remainder was not repugnant to the prior gift and was valid.

In the Wager case, the will of Wager gave to his wife the use of $4,000 during life, with the privilege, in case the income therefrom should not be sufficient to support her, to use sufficient of the principal for that purpose. To his daughter was given the residue of his estate, including what remained of the $4,000 at the wife's death. The will, in case of the death of the daughter without issue before the death of the wife, provided, "All the property both real and personal that shall be left by my daughter at her death, which shall belong to me at my death, I give, together with what shall remain from the above mentioned $4,000, devise and bequeath to my beloved wife, Eliza H. Wager, to her use, her heirs and assigns forever." Held, that it was the manifest intent of the testator to give to the survivor of the two legatees named, his entire estate remaining undisposed of upon the death of the other, whenever that event should occur; that the gift to the wife in case of her surviving the daughter was not dependent upon the taking effect of the primary gift to the daughter, and while the language employed in making the latter gift would generally import an absolute estate, yet, as such a construction would render inoperative the limitation over and would

defeat the manifest intent as above stated, it was the duty of the court to limit it so as to render the whole will operative and to effectuate the intent; and that therefore the widow was entitled to the whole estate.

In the Colt case, the will provided: "I give and devise all the rest, residue and remainder of my estate, real and personal, wheresoever situate, to my beloved husband, Thomas Scott, but such part thereof as he may have at the time of his decease, I give, devise and bequeath unto my neice Mary L., and my nephew Guy C. Ledyard." The husband took possession of the property under the will, and died without having disposed of it; and it was held that the limitation over was valid.

In the Flanagan case, it was held that a gift to one of "the use of all the remainder during her life, and the portion left of said remainder to be distributed to the poor of St. Peter's church," gives the donee for life the right to dispose of the fund in any mode save by will, and although it does not, therefore, give her the absolute power of disposition and thus render the gift over repugnant and void, yet it confers on her the right of diminishing the fund even to exhaustion, by acts during her life, and the possible remainder left undisposed of by her at her death will go either to the poor of St. Peter's church, or assuming that provision to be void, then to the heirs-at-law.

In the Spencer case a testator gave to his wife all his "property, both real and personal, for her to use, occupy and possess, sell or dispose of in any way that she may deem proper for her own use and benefit. * * * And it is my will that all the property that Esther, my wife, shall possess at the time of her death, both real and personal, shall be disposed of in the following manner : Let one-half be given to her heirs or to whom she may see fit to bequeath it; let the other half be divided between" the relatives of the testator named in the will. In this case it was held that the wife was at liberty to enjoy the income and use the principal if she desired to do so; but that if she did not use all the principal, then, whatever remained at the time of her death should go as provided in the will.

In the Greystone case, where the will of the plaintiff's testator provided: "First, after all my lawful debts are paid and discharged, I give, devise and bequeath all my real and personal property of

every name, nature and description and wherever situated, to my wife Mary Connors absolutely, to have and to hold the same for her own use and benefit forever, and with full power and authority to sell or mortgage as she thinks proper. Second, it is my will that on the death of my said wife whatever property that she may die seized of that belonged to me and remains in her by virtue of this will shall be divided" between the testator's brother Patrick, his three sisters and a nephew, share and share alike. It was held that the estate given to the wife was of such a nature that she could dispose of it all during her lifetime for any purpose she should judge to be for her use or benefit; and that she was not restricted to a disposition for her support and maintenance only; that she could not dispose of any portion of the husband's estate by will; and that so much thereof as remained in her hands undisposed of at the time of her death belonged to the persons named in the husband's will. It was also held that the common law rule, which prevails in the construction of wills which took effect before the adoption of the Revised Statutes, has been changed and is not applicable to a will which was executed subsequent to their adoption.

The cases cited render it quite clear that the testator's widow did not acquire such a title to the premises in controversy as to render the limitation over to her children void, either under the rule at common law or under the Revised Statutes. The plaintiff, however, insists that the foregoing conclusion is in conflict with the case of *Campbell* v. *Beaumont* (91 N. Y., 464) and *Van Horne* v. *Campbell* (100 id., 287). We think otherwise. While the cases first cited may not be in entire harmony with those last referred to, still the latter are distinguishable from the case at bar, and not in conflict with the conclusion to which we have arrived. In each of those cases it was held, from the language employed, that it was not the intention of the testator to limit the absolute character of the primary devise, while in this case it is clear that such was the testator's intent. Besides, the question in the Van Horne case arose under a will which took effect before the adoption of the Revised Statutes, while in this, the will was executed since their adoption.

Holding as we do that the remainder over to Willis S. and Helen P. Beardsley was valid, it follows that upon the death of Willis S., intestate and without descendants, his interest in the

property became vested in Helen P., subject only to her mother's life estate. (1 R. S., 752, § 6.) Upon the death of the widow her life estate terminated, and the whole title to the estate was vested in Helen by virtue of the provisions of her father's will, and by direct inheritance from her deceased brother.

The sale of this property under proceedings for the sale of infants' real estate did not change the character of the infant's interest therein. The proceeds of that sale must be deemed real estate. (2 R. S., 195, §§ 175, 180; *Forman* v. *Marsh*, 11 N. Y., 544.) It did not pass to the devisees mentioned in Helen's will, as she was incapable of making a will of real estate by reason of non-age. (2 R. S., 56, § 1.) It was controlled by and passed under the statute of descents. By the statute of descents, on the death of Helen the property in question passed to such of the defendants as were brothers and sisters of Justus Beardsley, deceased, as well that portion which was inherited from Willis S. Beardsley as that which came to her by devise from her father. (1 R. S., 752, 755, §§ 10, 29.; *Morris* v. *Ward*, 36 N. Y., 587.)

These considerations lead us to conclude: First. That by the will of Justus Beardsley his widow acquired a life estate in the residue and remainder therein mentioned, with the power to use such portion thereof as she should deem proper for her support during life. Second. That the provision as to the remainder over, if any should remain unexpended at her decease, was not void, and upon her death the title to such remainder was vested in Helen P. Beardsley. Third. That upon the death of Helen P. Beardsley, without having made a valid disposition of the property in question, the whole descended to such of the defendants as were the brothers and sisters of Justus Beardsley.

Judgment is directed in accordance with the foregoing opinion, but without costs to either party. The form of the judgment, if not agreed upon, to be settled upon five days' notice before Mr. Justice MARTIN.

HARDIN, P. J., and FOLLETT, J., concurred.

Judgment is directed in accordance with the opinion, without costs to either party; form of judgment to be settled by Justice MARTIN on five days' notice.