(25 App. Div. 245.)

### HARRIOT v. HARRIOT.

(Supreme Court, Appellate Division, First Department. January 21, 1898.)

1. DEED—CONSTRUCTION—NATURE OF ESTATE.

　　In November, 1855, the owner of certain real property executed a deed of gift thereof to his son, which conveyed the same together with all the estate, right, title, and interest of the grantor, "to have and to hold, * * * unto the said party of the second part, from and after" May 1, 1861, "for and during the residue of his natural life, with remainder over * * * unto his lawful issue, * * * as tenants in common; * * * and in case any child should die, * * * leaving lawful children, then such children shall take," etc. The grantor also, in terms, reserved the intermediate estate prior to May 1, 1861. The grantee, who never had issue, died intestate in 1897, leaving the plaintiff, his widow. *Held*, that the deed conveyed to the grantee only a life estate.

2. SAME—REMAINDER IN FEE.

　　Under 1 Rev. St. p. 722, § 3 (now Real Property Law, § 22), relating to the effect of a valid remainder limited upon an estate which would have been a fee tail at the common law, a remainder in fee is not rendered invalid by the mere fact that no persons answering to the description used to designate the remainder-men are in existence when the grant is delivered.

3. SAME—INTENT OF GRANTOR.

　　In determining the true construction of a deed, the habendum clause is not absolutely controlling. The real question is, what was the intention of the grantor, to be gathered from the entire instrument, and not inconsistent with any rule of law? 1 Rev. St. p. 748, § 2.

4. DOWER IN LIFE ESTATE.

　　A widow is not entitled to dower in the life estate of her husband.

Submission of controversy, on facts admitted, between Jennie A. Harriot and Mary A. Harriot. Judgment for defendant.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Chas. P. Easton, for plaintiff.
E. V. B. Getty, for defendant.

PATTERSON, J. The questions to be determined in this case arise upon the submission of a controversy under the provisions of section 1279 of the Code of Civil Procedure; and the substantial inquiry to be made is, what were the nature and extent of the estate which the grantee named in the deed set forth in the submission acquired by that deed? Was it a life estate, or was it a fee simple? The plaintiff is the widow of the grantee, and her claim here is that she is entitled to dower in the land conveyed. The defendant is the only heir at law of

both the grantor and grantee, and she claims the whole estate, free from dower of the plaintiff. It appears by the agreed statement of facts that James Harriot, prior to November, 1855, was the owner of the land in question. On that day he executed a deed of gift to his son, William H. Harriot, now deceased. By the terms of that deed, in consideration of natural love and affection, he conveyed to his son, William Henry Harriot, the premises in question (describing them)—

"Together with, all and singular, the tenements, hereditaments, and appurtenances thereunto belonging and in any wise appertaining, and the reversion and reversions, remainder and remainders, rents, issues, and profits thereof, and also all the estate, right, title, and interest, property and possession, claim and demand whatsoever, as well in law as in equity, of the said party of the first part in and to the above-described premises, and every part and parcel thereof, with the appurtenances."

The above-quoted granting clause or premises of the deed was immediately followed by this habendum clause, namely:

"To have and to hold, all and singular, the above mentioned and described premises, with the appurtenances, unto the said party of the second part, from and after the first day of May, which will be in the year one thousand eight hundred and sixty-one, for and during the residue of his natural life, with remainder over, and immediately after his decease unto his lawful issue whom he may leave, him surviving, as tenants in common, if more than one child, and not as joint tenants; and in case any child should die during the lifetime of the said party of the second part, leaving lawful children, then such children shall take such share in said estate as the parent would have been entitled to if living."

It will be observed that, by the terms of this deed, whatever estate was created thereby was to arise in futuro. Meantime, according to the terms of the deed, it was—

"Understood and declared that until the first day of May, one thousand eight hundred and sixty-one, the said party of the first part stands seised and holden of, all and singular, the above-described premises, for his own use and benefit."

This deed, apparently, was not delivered during the lifetime of the grantor, but by his will he directed his executors, upon his son becoming of the age of 23 years, to deliver it to the said son, which was done; and the deed was duly recorded in the office of the register of the city and county of New York on the 20th day of May, 1861. William H. Harriot, the son, died intestate on the 1st of September, 1897, leaving this plaintiff, his widow, and, as before stated, his only heir at law, the defendant, Mary Harriot, who was his sister, and who also was the only heir at law of James Harriot, the grantor. It further appears that William H. Harriot, the grantee in the deed, had not at the time of the delivery of the deed, and never has had, any issue.

Under these circumstances, the following specific questions are submitted for the decision of the court: First. Did the deed of gift of James Harriot to William H. Harriot grant to him a life estate, with a reversionary interest in case of his death without issue? Second. Did the said deed of gift grant a fee simple to William H. Harriot, for the reason that no valid remainder was limited upon the life estate? Third. Is the widow entitled to dower in said property? Fourth. Did said property, on the death of William H. Harriot, vest in Mary A. Harriot, as sole surviving heir at law of James Harriot, deceased?

It is conceded by both parties to this controversy that, judged by the

habendum clause alone, the estate granted by the father to the son would have constituted, before the Revised Statutes, an estate tail. It is claimed by the plaintiff that, by force of section 3 of the statute relating to the creation and division of estates (1 Rev. St. p. 722), the grant in this deed was enlarged into a fee simple absolute, because no valid remainder was limited thereon. The single question arising, therefore, on this branch of the case, is whether or not a remainder limited as is that in this deed is a valid remainder, under the law of this state. The contention on the part of the plaintiff is that it was not valid, because neither at the time of the grant, nor at any other time, was there any one in being in whom the remainder could vest. But it is not required, in order to make a valid remainder, that it should be a vested one. The statutes of this state expressly authorize the creation of contingent future estates, and declare an estate to be contingent while the person to whom or the event upon which it is limited to take effect remains uncertain. The mere fact that there was no child or issue of the grantee in existence at the time the grant was delivered did not invalidate the remainder. Limitations over by way of remainder to unborn issue, to take effect after the expiration of a particular estate, are perfectly good, under our Revised Statutes. It is said in Manice v. Manice, 43 N. Y. 374:

"We are of opinion that under the provisions of the Revised Statutes (1 Rev. St. p. 723, §§ 15, 16; Id. p. 726, § 37) a remainder in fee in real estate, to take effect upon the termination of two lives in being at the time of the creation of the estate, may be limited to a person not in being at that time."

And so it is said in Purdy v. Hayt, 92 N. Y. 456:

"It is no objection to the validity of a remainder in fee that it is limited in favor of persons not in being when the limitation is created, or not ascertainable until the termination of a precedent estate, provided only the contingency upon which the remainder depends must happen within, or not beyond, the termination of the prescribed period for the vesting of estates."

Therefore a valid remainder was created by this deed, so far as the nature of the gift over is concerned. The true construction of the habendum clause is a life estate to the son, with a contingent remainder over to his issue, in case he have issue. The whole estate, then, consisted of the estate for life in the son, the contingent remainder in the unborn issue, and a reversion arising by operation of law (as every reversion necessarily must) in the grantor if the grantee predeceased him without issue, or in the grantor's heirs if the son died after his father, and without issue. The only effect of this grant would be to suspend the absolute power of alienation, at the utmost, during the life of the grantee. The whole estate is accounted for, and there is no part of the fee "swinging in abeyance," whatever that phrase may mean.

Another question remains for decision, and that relates to the true construction of this deed, regard being had to all its provisions. The habendum clause is not absolutely controlling. While in ancient times such a clause defined and fixed the quantity of an estate to be taken by the grantee, it has ceased to perform that office in modern conveyancing. Usually the granting clause or the premises of the deed would indicate what was intended to be conveyed. By our stat-

ute it is provided (1 Rev. St. p. 748, § 1), among other things, that every grant of real estate shall pass all the estate or interest of the grantor, unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied from the terms of such grant. If there is a plain and open repugnancy between the granting clause and the habendum, and nothing else to be considered, the larger estate granted may not be cut down or reduced by the habendum; but in the construction of deeds, as of other instruments, the real question is, what was the intention of the grantor, to be gathered from all the terms of the instrument? Here it seems to me that it is plain that this grantor merely intended that his son should have a life estate in the property. The contrary cannot be conclusively inferred from the grant of the "reversion and reversions." Those are only cumulative words to pass the whole fee in the remainder when the contingency upon which that remainder is limited should happen, viz. on the birth of issue to the grantee. Nor can it be so inferred from the omission to provide for the event of the son dying without issue. The purpose of the grantor, it seems to me, · was to preserve the fee of the estate for some one else than his son, and yet for the benefit of his own descendants. The grantor was very careful, so to provide. He intended that the son should enjoy the life estate only from a fixed period. It was not an absolute gift, to begin at the date of the signing and acknowledgment of the deed. The title was not to pass out of the grantor until six years after the deed was formally made, and the period of enjoyment of the estate by the son is plainly stated to be from the 1st of May, 1861, to the time of his death,—whenever that might happen. That that was all the estate intended for the son by this deed seems to me to be the proper construction, so far as that intent may be collected from the terms of the whole instrument. 1 Rev. St. p. 748, § 2. And that intent, so ascertained, is not inconsistent with any rule of law.

I am therefore of the opinion that there was a valid remainder limited upon the life estate, and that it was the intention of the grantor to create by the deed only a life estate in the son, and nothing more, and that the plaintiff is not entitled to dower in the premises described in the complaint, and that the defendant is entitled to the whole estate in fee, and that judgment to that effect should be directed, with costs to the defendant. All concur.