(128 App. Div. 810.)

### GAYLORD v. BARNES et al.

(Supreme Court, Appellate Division, Third Department.   November 11, 1908.)

1. Deeds (§ 124*)—Construction—Interest Conveyed.

Intestate having left a widow, a daughter, and two sons, the sons deeded their interest in his land to the daughter, and to her heirs and assigns forever; the deed reciting that the sale was subject to the widow's

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

claims, and, with "this provision," that, on the daughter's death before the death of one who afterwards became her husband, the interest conveyed should be his for life, and that, "after the death of the parties herein named," the property should revert to the daughter's heirs. The habendum clause recited that the daughter and her heirs and assigns should hold the land to their sole and proper benefit forever. The daughter's husband predeceased her. *Held*, that she took an estate in fee; the provision for a life estate in the husband failing through his death.

[Ed. Note.—For other cases, see Deeds, Dec. Dig. § 124.*]

2. DEEDS (§ 90*)—CONSTRUCTION—AMBIGUITY.
An ambiguous deed must be construed most strongly against the grantor.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 235; Dec. Dig. § 90.*]

3. DEEDS (§ 97*)—CONSTRUCTION—REPUGNANT PROVISION.
A clause in a deed providing that on the death of the parties the property shall revert to the grantee's heirs is repugnant to a prior grant of an absolute estate in the same deed, and is void, since a remainder cannot be limited on a fee, being inconsistent therewith.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. § 440; Dec. Dig. § 97.*]

Kellogg and Sewell, JJ., dissenting.

Submitted controversy between Harvey J. Gaylord and William E. Barnes and another. Judgment for plaintiff.

One Erastus Barnes died intestate in 1856, seised and possessed of certain real estate. He left a widow, Nancy Barnes, who has since died, and three children, Nancy C. Barnes, now Nancy C. Smith, Morgan L. Barnes, and Erastus B. Barnes, as his only heirs at law. In 1873 the said Erastus B. Barnes and Morgan L. Barnes conveyed all their title and interest in said real estate to said Nancy C. Barnes, "and to her heirs and assigns forever." The deed contained the following provision: "This sale is made subject to the claims of Nancy Barnes and with this provision that in case of the death of the said Nancy C. Barnes prior to the death of James Smith, of the city and state aforesaid, the interest now conveyed to said Nancy C. Barnes shall become the property of said James Smith during his natural life, and after the death of the parties herein named, this property shall revert to the heirs of Nancy C. Barnes." The habendum clause at the end of the deed is in the usual form, and is as follows; "To have and to hold the said premises to the said party of the second part, her heirs and assigns, to the sole and only proper benefit and behoof of the said party of the second part her heirs and assigns forever." The reference to the claims of Nancy Barnes in the provision quoted is understood to mean her claim for dower. At the time of the delivery of the deed Nancy C. Barnes was engaged to be married to said James Smith, and she afterwards married him. Subsequently he died, leaving no issue, and leaving her still surviving him. After his death, she conveyed the property to the plaintiff, Harvey J. Gaylord, in trust to manage and control the same for her benefit, giving him full power to sell and convey the same. The lands have been in his possession for upwards of a year. They are unproductive, and he is desirous of selling the same in order to invest the proceeds in something more productive, but, owing to the ambiguity in the deed to Nancy C. Smith, he has found no person willing to take the title. The defendants are the children of a deceased brother of Nancy C. Smith, and are all the persons now in being who would inherit her real estate if she should die intestate at the present time. They claim that they or the surviving heirs of Nancy C. Smith have a vested interest in an undivided two-thirds part of the property. The plaintiff claims that he has an estate in fee therein, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

asks judgment that the defendants and every person claiming under them be barred from all claim to any estate in the premises.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Douglas V. Ashly, for plaintiff.

F. Day Clark, for defendants.

CHESTER, J. There are several reasons why the plaintiff's claim must be sustained:

First. The proviso giving James Smith a life estate in the property never took effect, because that estate was conditioned upon the death of Nancy C. Barnes prior to his death, and he died leaving her surviving.

Second. The words, "with this provision," in the clause claimed to operate as a limitation, according to ordinary grammatical construction, refer to a single provision following them and modify all that follows. James Smith having died previous to his wife, Nancy C., none of the provision ever had any effect, as by the express language employed it was only in case of the death of Nancy C. prior to the death of James that it was to have any force. The words, "and after the death of the parties herein named this property shall revert to the heirs of the said Nancy C. Barnes," cannot be regarded as a separate provision without changing the words "with this provision" to "with these provisions" or without adding after the words "natural life" the words "and with this further provision." This may be a rather narrow construction, but it would seem to be warranted under the rule that, where there is an ambiguity in the language employed, it should be construed most strongly against the grantor. Duryea v. Mayor, 62 N. Y. 592; Ripley v. Larmouth, 56 Barb. 21.

Third. The grant to Nancy C. Smith in the granting clause of the deed and reiterated in the habendum was of an estate in fee and not of one for life, and the clause in the provision that after the death of the parties the property shall revert to the heirs of the said Nancy C. Barnes is repugnant to the prior grant of an absolute estate, and is void for the reason that a remainder cannot be limited on a fee as it is wholly inconsistent with it. Campbell v. Beaumont, 91 N. Y. 464; Roseboom v. Roseboom, 81 N. Y. 356; Washbon v. Cope, 144 N. Y. 287, 39 N. E. 388; Clarke v. Leupp, 88 N. Y. 228; Harriot v. Harriot, 25 App. Div. 245, 49 N. Y. Supp. 447; Jackson v. Bull, 10 Johns. 19; Jackson v. Robins, 16 Johns. 537. The evident intention of the grantors in the deed by the use of the language employed in the proviso was to prevent the property going to the heirs of James Smith in the event of his surviving Nancy C. Barnes. He having predeceased her, a construction of the instrument which gives the absolute title to her gives full effect to that intent. This is not a case where the grant to the grantee was one of a life estate with a remainder over to her heirs, and therefore decisions under that class of cases holding that such heirs have a vested interest have no bearing on the question involved.

We think the plaintiff is entitled to judgment for the relief prayed for, but under the stipulation of the parties contained in the submission it should be without costs. All concur, except KELLOGG and SEWELL, JJ., who dissent in memorandum.

KELLOGG and SEWELL, JJ. (dissenting). There are no heirs to the living. It is unknown whether the defendants may or may not be the heirs of Nancy C. Barnes. The court cannot, therefore, make any decision which would be effective to bind her heirs. A decision on this apparently friendly submission can only be misleading to others.