FRED H. TAYLOR et al., Appellants, *v.* UNITED STATES CASUALTY COMPANY, Respondent.

(Argued November 18, 1935; decided January 7, 1936.)

*Adolph J. Rodenbeck* and *Maurice J. Kaman* for appellants. The expression in the Insurance Law (Cons. Laws, ch. 28) " legally using or operating " a car, does not limit the defendant's liability where permission has been given which has not been transgressed. (*Devitt* v. *Continental Casualty Co.*, 245 App. Div. 115; *Bakker* v. *Ætna Life*

*Ins. Co.*, 264 N. Y. 150; *Floyd* v. *Consolidated Indemnity Ins. Co.*, 237 App. Div. 190; *Messersmith* v. *American Fidelity Co.*, 187 App. Div. 35; 232 N. Y. 161.) The driver of the car was not under the age fixed by law for licensing a driver, which was the only condition prescribed in the exclusion clause. (*Imperial Fire Ins. Co.* v. *Coos County*, 151 U. S. 452; *United States F. & G. Co.* v. *Guenther*, 31 Fed. Rep. [2d] 919; *Brustein* v. *New Amsterdam Cas. Co.*, 255 N. Y. 137; *Brock* v. *Travelers Ins. Co.*, 88 Conn. 308.)

*Charles S. Wilcox* and *Frederick T. Pierson* for respondent. The operation of the car was in violation of the policy provisions. (*Hawkeye Commercial Men's Assn.* v. *Christy*, 294 Fed. Rep. 208; *Weiss* v. *Preferred Accident Ins. Co.*, 241 App. Div. 545; *Letson* v. *Sun Indemnity Co.*, 147 Misc. Rep. 690; 241 App. Div. 629; *Messersmith* v. *American Fidelity Co.*, 232 N. Y. 161; *Devitt* v. *Continental Casualty Co.*, 154 Misc. Rep. 603; *Wagoner* v. *Fidelity & Cas. Co.*, 215 App. Div. 170; 253 N. Y. 608; *Morrison* v. *Royal Indemnity Co.*, 180 App. Div. 709; *S. & E. Motor Hire Corp.* v. *N. Y. Indemnity Co.*, 255 N. Y. 69; *Jones* v. *American Employers' Ins. Co.*, 141 Misc. Rep. 88; *Rohan* v. *Hartford Accident & Indemnity Co.*, 242 App. Div. 666; 266 N. Y. 545.)

FINCH, J. This is a motion for summary judgment which was denied at Special Term. Upon appeal to the Appellate Division the order was affirmed by a divided court. Leave was thereupon granted by the Appellate Division to appeal to this court upon the certified question: " Are the plaintiffs entitled to summary judgment on this record?"

The facts are undisputed and the appeal presents only questions of law.

The defendant insured one Charles H. Strong against all claims which he should become legally liable to pay as damages arising out of bodily injuries accidentally sustained by any person or persons, caused by the ownership,

maintenance and use of a Packard automobile owned by
him.  Harmon V. Strong, a son of Charles H. Strong,
while operating the automobile with his father's permis-
sion, was involved in a collision with an automobile con-
taining the plaintiffs, injuring them.  At the time the
son, who was seventeen years of age and had a junior
operator's license, was returning home from a social visit.
The hour at which the accident occurred was shortly
after midnight.  The plaintiffs brought separate actions
against Charles H. Strong and his son, Harmon V. Strong.
The defendant in this action, the United States Casualty
Company, exercised its right under the policy of insurance
to defend the actions.  The actions were consolidated
and the case was tried before a jury and verdicts for the
plaintiffs rendered.  Execution on the judgment was
returned unsatisfied and the Strongs subsequently
adjudged bankrupt.  The plaintiffs then instituted suit
against this defendant, the casualty company, on the
policy of insurance issued by it to Charles H. Strong.
The defendant interposed one defense, namely, the exclu-
sion clause in the policy, reading as follows: " This policy
shall exclude any obligation of the Company: (a) under
any of the above agreements, while any described auto-
mobile is being driven in any race or speed test, *or by
any person under the age fixed by law* or under the age of
fourteen years in any event." (Italics interpolated.)
It pointed out that the automobile was being operated in
violation of the terms of the son's junior operator's license
and the rules and regulations established by the Commis-
sioner of Motor Vehicles, since it was being operated
after midnight and not while traveling to or from school,
nor in the ordinary pursuit of the business of the parent
or guardian of the licensee, nor while accompanied by
a parent, guardian, etc.  On this state of facts, as set
forth by the pleadings and affidavits, a motion for sum-
mary judgment was made by the plaintiffs.  As noted,
the motion was denied and the Appellate Division affirmed.

Taking up the exclusion clause, we find that the language employed is not applicable to the driver of the car in the case at bar. The policy provided that the motor vehicle should not be driven by one under " the age fixed by law or under the age of fourteen years in any event." The statute provides that no operator's or chauffeur's license shall be issued to any person under eighteen years of age, except that junior operators' licenses may be issued to minors who have arrived at the age of sixteen years. (Vehicle and Traffic Law [Cons. Laws, ch. 71], § 20 ) A boy over sixteen years of age possessing a junior operator's license may lawfully drive an automobile, although the time during which he may drive is restricted. This boy was seventeen years of age and possessed a junior license. He was not, therefore, a person under " the age fixed by law or under the age of fourteen years in any event." Why, then, does the defendant complain? Is it because the son violated the restrictions imposed on a junior licensee? The clause in the policy does not deal with the violation of the terms of a license. The provision relates solely to the question of age and the son was old enough lawfully to drive an automobile. If the insurance company desired the exclusion clause to cover not only a case where the driver is under the age fixed by law but also a case where the terms of the license are violated, it should have so specified. The court is not at liberty to inject a clause into the policy or to make a new contract for the protection of the insurance company.

The same question arose in *Brock* v. *Travelers Ins. Co.* (88 Conn. 308), where the court held that this same exclusion clause related only to the question of age and not at all to violations, the court saying: " The provision relates solely to the question of age, and not at all to the question of whether the operator has complied with the requirements of law." A like result has been reached in other jurisdictions. (*Mannheimer Bros.* v. *Kansas Casualty & Surety Co.*, 147 Minn. 350; *Yorke* v. *Continental*

*Casualty Company of Canada*, [1929] 64 Ont. Law Rep. 109. Cf. *Bitzer* v. *Southern Surety Co.*, 245 Ill. App. 295.)

The case of *S. & E. Motor Hire Corp.* v. *New York Indemnity Co.* (255 N. Y. 69) differed, in that the question raised therein was whether the insurance company had waived its defense, and in addition the exclusion clause involved in that case differed from the one in the case at bar. Nor is *United States F. & G. Co.* v. *Guenther* (281 U. S. 34) in point. That case decided that a municipal ordinance, prohibiting a minor under the age of eighteen years from operating a motor vehicle upon the streets of the city establishes an " age limit fixed by law."

If it be urged that the exclusion clause as drawn is at least ambiguous, then such ambiguity will be resolved against the insurer, under the principle of *contra proferentem*, or, in other words, the one who draws the contract and offers it should have the ambiguity resolved against him. (*Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51; *Marcus* v. *United States Casualty Co.*, 249 N. Y. 21.)

The order of the Appellate Division and that of Special Term should be reversed and summary judgment directed in favor of the plaintiffs, with costs in all courts.

The question certified should be answered in the affirmative.

LEHMAN, J. (dissenting). The policy issued by the defendant insurance company to the owner of an automobile contained the provision required by the statute " insuring such owner against liability for damages for death or injuries to person or property resulting from negligence in the operation of such motor vehicle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner." (Insurance Law [Cons. Laws, ch. 28], § 109, subd. 3.) The policy also contained a provision that " This policy shall exclude any obligation of the Company (a) under any of the above agreements,

while any described automobile is being driven in any race or speed test, or by any person under the age fixed by law or under the age of fourteen years in any event."

The plaintiffs have recovered judgment against the insured for injuries resulting from negligence in the operation of his automobile, by his son who was driving the automobile with his permission. Execution has been returned unsatisfied and the plaintiffs now seek recovery upon the policy issued by the defendant. The accident occurred shortly after midnight. The operator of the car was a youth of seventeen. At that time he was returning to his father's home from the city of Rochester, where he had been entertaining one of his friends at dinner.

The defendant denies liability on the sole ground that its policy did not insure the owner of the automobile against liability for damages suffered under such circumstances. It claims that the automobile at the time of the accident was being driven by a " person under the age fixed by law " and that even though the driver was using or operating the automobile " with the permission of the owner," he was not " *legally* using or operating the same " within the meaning of the statute and the policy.

There can I think be no doubt that in the operation of the automobile the driver was violating section 20 of the Vehicle and Traffic Law. He had a junior operator's license at that time, but operation of a motor vehicle under a junior license is subject to restrictions and the driver did not have any license which permitted him to operate the car at the time of the accident, and, since he was under the age of eighteen, he could not obtain such a license. Even so, the words " legally using or operating " as used in the statute and policy, do not exclude the operation of a motor vehicle in violation of a statutory provision enacted for the public safety. The provision of the policy is in the same language as section 109 of the Insurance Law, and is inserted in compliance

with that section. Statute and policy must, therefore, receive the same construction. Section 109 of the Insurance Law uses the same language as section 59 of the Vehicle and Traffic Law, and its evident purpose is to enlarge the remedy provided by that section. That purpose would be to a considerable extent thwarted if its language were construed in a manner which denied the remedy where in the operation of a motor vehicle the operator violates a statutory provision intended for the promotion of the public safety. It seems evident to me that when the Legislature provided, in section 59 of the statute, a remedy against the owner of a motor vehicle for injuries suffered by any person from negligence in the operation of such motor vehicle by any person " legally using or operating the same with the permission, express or implied, of such owner," it did not intend to exclude cases, where illegality attached only to the *manner* in which the motor vehicle was operated or arose from the failure by the operator to comply in such operation with a command or condition imposed by the Legislature. Such violation of the statute would not constitute a defense to an owner of a motor vehicle for negligence in the operation of the vehicle in the owner's business. The new remedy extended liability of an owner into a broader field. The statute should be construed accordingly. The limitation to legal use or operation was intended for the benefit of the owner. It should not be applied when the owner is a party to the violation of law.

The question still remains, however, whether liability here was excluded from the coverage of the policy because of the express provision in the policy, excepting from the obligation of the insurer, damages suffered while the automobile is being driven by any person " under the age fixed by law." It is provided in section 20 of the Vehicle and Traffic Law that: " No operator's or chauffeur's license shall be issued to any person under eighteen years of age, except that junior operators' licenses may be issued to minors who have arrived at the age of sixteen

years, but who have not reached eighteen years of age, under rules and regulations to be established by the commissioner of motor vehicles, provided, however, that such license shall entitle a licensee to operate a motor vehicle * * * only, in traveling to and from school and in the usual and ordinary pursuit of the business of the parent or guardian of the licensee." The operation of the motor vehicle during the night time violated the conditions of the driver's " junior operator's license " inserted in that license under the rules and regulations established by the Commissioner of Motor Vehicles. Moreover, the driver was at the time of the accident not operating the automobile " in traveling to and from school [or] in the usual and ordinary pursuit of the business of the parent or guardian of the licensee." Not only did the driver of the automobile not have a license permitting him to operate it at the time of the accident, but no person under the age of eighteen could have obtained such a license.

In other jurisdictions, similar provisions in policies excluding from the coverage of a policy the operation of a motor vehicle by a person " under the age fixed by law " have been construed, as Judge FINCH points out, as relating " solely to the question of age, and not at all to the question of whether the operator has complied with the law." (*Brock* v. *Travelers Ins. Co.*, 88 Conn. 308.) Thus where a statute provides that no license shall be granted to a person under the age of eighteen, but sanctions the operation of an automobile by an unlicensed driver, though under that age, if accompanied by a licensed operator, it has been held that the " age fixed by law " is the age at which a person might lawfully operate the automobile upon compliance with the conditions imposed by statute. Then where an unlicensed operator operates an automobile unaccompanied by a licensed operator, the age of the operator is irrelevant. His operation of the automobile is unlawful, regardless of his age, solely because he is not accompanied by a licensed operator. (*Brock* v. *Travelers Ins. Co.*, 88 Conn.

308; *Mannheimer Bros.* v. *Kansas Casualty & Surety Co.*, 147 Minn. 350; *Bitzer* v. *Southern Surety Co.*, 245 Ill. App. 295, but cf. *Yorke* v. *Continental Casualty Company of Canada*, 64 Ont. Law Rep. 109.)

The statute in this State is different. It not only prohibits the issuance to any person under the age of eighteen years of any license not subject to restrictions imposed by the statute or the rules and regulations issued pursuant to the statute, but it goes further and provides that " no person shall operate or drive a motor vehicle upon a public highway of this state unless he is duly licensed under this chapter," and the only exception permitted by the statute is that " any person *of a proper age to receive a license to drive* a motor vehicle who desires to fit himself to so drive may operate and drive a motor vehicle within the state for a period of three months from the date of issuance to him of a learner's permit. * * * The holder of a learner's permit shall not operate or drive a motor vehicle unless at all times under the immediate supervision and control of a driver duly licensed under this article." (Vehicle and Traffic Law, § 20, subd. 4.) Thus, it appears that, under the terms of the statute and the rules and regulations issued in accordance therewith, no person under the age of eighteen years could under any circumstances or under any conditions, whether alone or accompanied by a licensed operator, lawfully drive a motor vehicle at night or for his own pleasure or purpose. Then the age of eighteen is the age fixed by law for such operation, and operation by a younger person is operation by a person " under the age fixed by law." No case has been cited where the court has reached other conclusion; indeed the reasoning of all the cases cited in the opinion of Judge FINCH would seem to bar any other conclusion.

The judgment should be affirmed, with costs.

CRANE, Ch. J.; CROUCH and LOUGHRAN, JJ., concur with FINCH, J.; LEHMAN, J., dissents in opinion in which O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.