and without a certificate of public necessity and convenience as required by the Transportation Corporations Law. The mayor of the city, one of whose duties was to enforce the law (Second Class Cities Law, § 54), openly and publicly refused to perform his duty by enforcing the requirements of the Transportation Corporations Law, § 26), violations of which were punishable as misdemeanors. It was held that the application should be granted.

QUANDT BREWING COMPANY, Respondent, v. JOHN CLUNE, SR., Appellant.— Plaintiff sued to recover a balance alleged to be due in connection with the sale and distribution of its beer by defendant. Defendant interposed a counterclaim, to which plaintiff put in a reply. The matter was referred to an official referee, who held that plaintiff was entitled to the relief demanded in its complaint and to a dismissal of the counterclaim. From the judgment entered defendant appeals. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Johnston, Adel and Taylor, JJ.

FERGUS REID, JR., Respondent, v. THE CITY OF NEW YORK, Appellant.— In an action brought to compel the determination of a claim to real property, pursuant to sections 500–512 of the Real Property Law, judgment modified by adding to each of the first three decretal paragraphs thereof, after the words " number 335," " without right " and " without right " respectively, the following statement: " except those portions of Allotment No. 8 embraced within the two separate condemnation proceedings mentioned in defendant's proposed Finding No. 20." As so modified, the judgment is affirmed, with costs to respondent. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. No opinion. Young, Adel and Taylor, JJ., concur; Lazansky, P. J., and Johnston, J., dissent and vote to reverse on the ground that the plaintiff has failed to establish ownership in the land under water beyond the fill. Settle order on notice.

FRED D. SMITH, Individually and as Guardian ad Litem of DAVID K. SMITH, Respondent, v. AMERICAN AUTOMOBILE FIRE INSURANCE COMPANY, Defendant, and AMERICAN AUTOMOBILE INSURANCE COMPANY, Appellant.— In an action by a father and his infant son to recover damages for injuries received by the latter in an automobile accident, there was judgment against the owner of the automobile and execution issued thereon was returned unsatisfied; and this action was brought against the insurer under the provisions of section 109 of the Insurance Law, as amended. Judgment for plaintiffs against this appellant (as amended in immaterial respects by order) and order denying motion to set aside the verdict unanimously affirmed, with costs, on authority of *Taylor* v. *United States Casualty Co.* (269 N. Y. 360). Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.

W. F. CONSTRUCTION CORPORATION, Respondent, v. CHARLES W. HANSON, Individually and as President of the District Council of New York City of the United Brotherhood of Carpenters and Joiners of America, Appellants.— Appeal dismissed on call of calendar. Present — Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ.

W. F. CONSTRUCTION CORPORATION, Respondent, v. CHARLES W. HANSON, Individually and as President of the District Council of New York City of the United Brotherhood of Carpenters and Joiners of America, Appellants. (Action No. 2.) Appeal dismissed on call of calendar. Present — Lazansky, P. J., Carswell, Davis, Johnston and Adel, JJ.