11 N.Y.2d 310 (1962)
In the Matter of Arbitration between Jeanette Rosenbaum, as Executrix of Samuel Rosenbaum, Deceased, Appellant, and American Surety Company of New York, Respondent.
Court of Appeals of the State of New York.
Argued April 3, 1962.
Decided May 17, 1962.
Philip H. Magner, Jr., and Charles D. Brown for appellant.
Lowell Grosse for respondent.
Judges VAN VOORHIS, BURKE and FOSTER concur wth Chief Judge DESMOND; Judge DYE dissents and votes to modify in an opinion in which Judges FULD and FROESSEL concur.
*312 Chief Judge DESMOND.
In 1956 appellant's testator (her husband) died as the result of injuries which, asserts appellant, were caused when he was struck by two automobiles, one of which, she alleges, was uninsured. At the time of that alleged accident there was in effect a policy of automobile liability insurance issued by respondent as to an automobile owned by appellant and her husband. The policy contained an "uninsured motorist" endorsement in this language:
"To pay all sums which the insured shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death at any time resulting therefrom sustained by the insured, caused by accident while this endorsement is in effect, and arising out of the ownership, maintenance or use of such uninsured automobile; provided, that for the purposes of this endorsement, determination as to whether the insured shall be legally entitled to recover such damages, and if so entitled *313 the amount thereof, shall be made by agreement between the insured and the company or, in the event of disagreement, by arbitration.
"In the event the insured and the company do not agree that the insured is entitled to recover damages from the owner or operator of an uninsured automobile on account of bodily injury to, or sickness, disease or death of the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then upon written demand of either, the matter or matters upon which the insured and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any Court having jurisdiction thereof. The insured and the company each agree to consider itself bound and to be bound by any award made by the Arbitrator(s) pursuant to this endorsement."
Appellant as executrix sued the persons said by her to be the owners of the two automobiles which struck her husband, but one of them, said by her to have been uninsured, defaulted. Appellant then made claim against respondent on the endorsement above quoted but respondent disclaimed liability. Appellant then moved under section 1450 of the Civil Practice Act for an order compelling arbitration. Her moving affidavits (including a later affidavit submitted on motion for reargument) sufficiently alleges that one of the motorists (Keenan) was not insured. Respondent insurer denied any knowledge or information on the subject. Special Term first denied the motion, then on reargument made an order directing a jury trial "of the preliminary issue of fact as to whether the plaintiff's decedent was struck by an uninsured automobile" and providing that, if the jury should find in the affirmative as to that dispute, the parties would proceed to arbitration. The Appellate Division reversed and denied the motion to compel arbitration, stating in a memorandum that "such procedure is unauthorized under section 1450 of the Civil Practice Act."
In our opinion Special Term was right in holding that where dispute appeared as to the preliminary issue of "insured or uninsured" a jury trial was the appropriate procedure for settling it. The policy endorsement did not cover all controversies *314 between insured and insurer. It promised to pay for damage for which an uninsured driver should be liable but it made arbitrable two fact issues only: as to fault ("legally entitled") and as to damages if fault should be established. No language in the endorsement can be read as an agreement to send to arbitrators a disagreement as to whether there was or was not liability insurance covering a car which should injure the insured. The arbitration clause was particular, not general. There comes into play, therefore, the familiar rule that "No one is under a duty to resort to arbitration unless by clear language he has so agreed" (Matter of Lehman v. Ostrovsky, 264 N.Y. 130, 132). An agreement to arbitrate will not be extended "`by construction or implication'" (Matter of Riverdale Fabrics Corp. [Tillinghast-Stiles Co.], 306 N.Y. 288, 289).
Since there is no agreement to arbitrate the primary or preliminary controversy as to whether the motorist was insured, we must look elsewhere for a method of deciding that question. The situation comes reasonably within that part of section 1450 of the Civil Practice Act which on a motion to compel arbitration authorizes a jury trial "If evidentiary facts be set forth raising a substantial issue as to * * * the failure to comply" with a contract to arbitrate. Where the covenant to arbitrate is made subject to conditions precedent, the existence of such conditions when disputed is an issue for the court (see Matter of Lipman [Haeuser Shellac Co.], 289 N.Y. 76, 79, 80; Matter of Board of Educ. [Heckler Elec. Co.], 7 N Y 2d 476, 481, 482). Here a condition precedent for arbitration was injury by an uninsured motorist. Accordingly, we agree with and adopt the construction and application declared by the Third Department in Matter of Phoenix Assur. Co. of N. Y. (Digamus) (9 A D 2d 998).
The order appealed from should be reversed, without costs, and the Special Term order reinstated.
DYE, J. (dissenting).
Section 1450 of the Civil Practice Act, in pertinent part, provides that an aggrieved party to a contract providing for arbitration may move to enforce same and, if the court is satisfied, "no substantial issue as to the making of the contract or submission or the failure to comply therewith, the court, or the judge thereof * * * shall make an order *315 directing the parties to proceed to arbitration in accordance with the terms of the contract".
Here, there is no question as to the making of the contract, that it contained an arbitration clause or that one of the parties had defaulted. It is only when a "substantial issue as to the making of the contract or submission or the failure to comply therewith" is raised that the court may proceed to the trial thereof either by the Judge or, if demanded, by a jury. It has long since been settled that "all acts of the parties subsequent to the making of the contract which raise issues of fact or law, lie exclusively within the jurisdiction of the arbitrators" (Matter of Terminal Auxiliar Maritima [Winkler], 6 N Y 2d 294, 298; Matter of Kramer & Uchitelle, 288 N.Y. 467; Matter of Western Union Tel. Co. [American Communications Assn.], 299 N.Y. 177; Matter of Lipman [Haeuser Shellac Co.], 289 N.Y. 76, 80), except as to a dispute concerning failure to comply with the specific condition precedent such as the giving of a statutory notice (Matter of Board of Educ. [Heckler Elec. Co], 7 N Y 2d 476) or to act within the time limited therefor (Matter of Cauldwell-Wingate Co. [New York City Housing Auth.], 287 N.Y. 853). The contention that the question of whose car was involved in the accident and whether it was insured is not such a condition precedent as to require determination by a court before proceeding to arbitration.
Here the controverted uninsurance clause specifically provides that, "for the purposes of this endorsement, determination as to whether the insured shall be legally entitled to recover such damages, and if so entitled the amount thereof, shall be made by agreement between the insured and the company or, in the event of disagreement, by arbitration." This plain language provides for only one method of settlement of a disagreement between the parties as to the insured's right to damages and the amount thereof. The arbitration clause, in equally clear language, provides that: "the matter or matters upon which the insured and the company do not agree shall be settled by arbitration". (Italics supplied.) Nowhere in the policy are conditions precedent imposed which must be determined in a court of law before arbitration can be ordered.
To now read into the policy a requirement that there be preliminarily tried before a court and a jury a part only of their *316 dispute amounts to the making of a new contract for the parties. This the court may not do (Taylor v. United States Cas. Co., 269 N.Y. 360), particularly when the parties by explicit and unambiguous language left determination of the "matter or matters upon which [they] do not agree" to arbitration.
The phrase "matter or matters" upon which the parties do not agree is certainly explicit enough to embrace the issues specified in the endorsement, i.e., whether the insured may recover damages and, if so, the amount. The decision of this case is not a matter of choice between two available methods of procedure but, rather, whether the agreement to arbitrate shall be enlarged to include trial by jury in a court of law. We should not read into that agreement a provision for piecemeal treatment of a specified area of dispute by two separate and distinct procedures. If we do so, we will be adding a new type of cause to an already overburdened court calendar with its attendant delay, personal effort and financial burden, which could be expeditiously and promptly disposed of in the manner upon which the parties have agreed. The policy endorsement was drawn by the company for which the insured paid an extra premium and now finds, six years after the fatal injury, that she has not yet been able to pin the company down to its clearly expressed obligation. If there is any ambiguity which I do not concede, then under accepted rules of interpretation it must be resolved against the company (Bronx Sav. Bank v. Weigandt, 1 N Y 2d 545; Hartol Prods. Corp. v. Prudential Ins. Co., 290 N.Y. 44).
The order appealed from should be modified and the matter remitted to Special Term with instructions to enter an order directing arbitration.
Order reversed, etc.