Dye, J. (dissenting).
Section 1450 of the Civil Practice Act. in pertinent part, provides that an aggrieved party to a contract providing for arbitration may move to enforce same and, if the court is satisfied, “ no substantial issue as to the making of the contract or submission or the failure to comply therewith, the court, or the judge thereof * * * shall make an order *315 directing the parties to proceed to arbitration in accordance with the terms of the contract ’ ’.
Here, there is no question as to the making of the contract, that it contained an arbitration clause or that one of the parties had defaulted. It is only when a “ substantial issue as to the making of the contract or submission or the failure to comply therewith ” is raised that the court may proceed to the trial thereof either by the Judge or, if demanded, by a jury. It has long since been settled that 11 all acts of the parties subsequent to the making of the contract which raise issues of fact or law, lie exclusively within the jurisdiction of the arbitrators ’ ’ (Matter of Terminal Auxiliar Maritima [Winkler], 6 N Y 2d 294, 298; Matter of Kramer & Uchitelle, 288 N. Y. 467; Matter of Western Union Tel. Co. [American Communications Assn.], 299 N. Y. 177; Matter of Lipman [Haeuser Shellac Co.], 289 N. Y. 76, 80), except as to a dispute concerning failure to comply with the specific condition precedent such as the giving of a statutory notice (Matter of Board of Educ. [Heckler Elec. Co], 7 N Y 2d 476) or to act within the time limited therefor (Matter of Cauldwell-Wingate Co. [New York City Housing Auth.], 287 N. Y. 853). The contention that the question of whose car was involved in the accident and whether it was insured is not such a condition precedent as to require determination by a court before proceeding to arbitration.
Here the controverted uninsurance clause specifically provides that, ‘ ‘ for the purposes of this endorsement, determination as to whether the insured shall be legally entitled to recover such damages, and if so entitled the amount thereof, shall be made by agreement between the insured and the company or, in the event of disagreement, by arbitration.” This plain language provides for only one method of settlement of a disagreement between the parties as to the insured’s right to damages and the amount thereof. The arbitration clause, in equally clear language, provides that: “ the matter or matters upon which the insured and the company do not agree shall be settled by arbitration (Italics supplied.) Nowhere in the policy are conditions precedent imposed which must be determined in a court of law before arbitration can be ordered.
To now read into the policy a requirement that there be preliminarily tried before a court and a jury a part only of their *316 dispute amounts to the making of a new contract for the parties. This the court may not do (Taylor v. United States Cas. Co., 269 N. Y. 360), particularly when the parties by explicit and unambiguous language left determination of the ‘ ‘ matter or matters upon which [they] do not agree ” to arbitration.
The phrase “ matter or matters ” upon which the parties do not agree is certainly explicit enough to embrace the issues specified in the endorsement, i.e., whether the insured may recover damages and, if so, the amount. The decision of this case is not a matter of choice between two available methods of procedure but, rather, whether the agreement to arbitrate shall be enlarged to include trial by jury in a court of law. We should not read into that agreement a provision for piecemeal treatment of a specified area of dispute by two separate and distinct procedures. If we do so, we will be adding a new type of cause to an already overburdened court calendar with its attendant delay, personal effort and financial burden, which could be expeditiously and promptly disposed of in the manner upon which the parties have agreed. The policy endorsement was drawn by the company for which the insured paid an extra premium and now finds, six years after the fatal injury, that she has not yet been able to pin the company down to its clearly expressed obligation. If there is any ambiguity which I do not concede, then under accepted rules of interpretation it must be resolved against the company (Bronx Sav. Bank v. Weigandt, 1 N Y 2d 545; Hartol Prods. Corp. v. Prudential Ins. Co., 290 N. Y. 44).
The order appealed from should be modified and the matter remitted to Special Term with instructions to enter an order directing arbitration.
Judges Van Voorhis, Burke and Foster concur wth Chief Judge Desmond ; Judge Dye dissents and votes to modify in an opinion in which Judges Fuld and Froessel concur.
Order reversed, etc.