James S. Brown, J.
This is a proceeding in eminent domain to acquire title to real property required for the widening of Richmond Avenue from Arthur Kill Road to Amboy Road, Borough of Richmond. Title vested in the City of New York on March 18, 1966.
At the outset the court wishes to compliment both counsel for their able presentation of the issue involved.
The claimant owned a parcel 100 feet by 100 feet on Richmond Avenue upon which is a building approximately 40 feet in depth and 100 feet wide, fronting on Richmond Avenue and on or close to the building line. It consists of five stores. The city has taken 1,852 square feet of the claimant’s 10,000 square feet. This 1,852 square feet includes 1,340 square feet on the front of the building. In short, some 14 feet must be sliced off the front of the building for its entire width.
The entire parcel, including the building, was purchased from the City of New York at public auction by the fee claimant in 1957. The upset price fixed by the city was $16,000 but the purchasers paid $31,000 for it. The deed of conveyance, dated *944 August 27,1957, by the City of New York contains the following clause: “In the event of the acquisition by The City of New York by condemnation or otherwise of any part or portion of the above premises lying within the bed of any street or avenue as said street or avenue is shown on the present City Map, the party of the second part, and the heirs or successors and assigns of the party of the second part, shall only be entitled to compensation for such acquisition to the amount of One Dollar and shall not be entitled to any compensation for any buildings or structures erected thereon within the lines of the street or avenue so laid out and acquired. This covenant shall be binding upon and run with the land and shall endure until the City Map is changed so as to eliminate from within the lines of said street or avenue any part or portion of the premises and no longer.”
The issue presented is whether the claimant fee owner is entitled to $1 or substantial damages resulting from the acquisition of a portion of the building. The determination of this issue requires a construction of this “ one dollar clause ”. Such clause appears also in the brochure of sale which gave a description of the property, its location, the upset price and the terms and conditions of sale.
The City of New York maintains that the purchaser had full knowledge of the proposed acquisition, as shown on the damage map; that the deed stated that the claimant ‘ ‘ shall only be entitled to compensation for such acquisition to the amount of One Dollar ”; that the above language in the deed is clear and unambiguous; that the claimant knew that the front part of the building would eventually be chopped off, damaging the remainder and that damages would be limited to $1.
It is also claimed that the motive of the successful bidders in going so high as $31,000 for the property is purely speculative.
The claimant fee owner agrees that the language of the deed is clear and unambiguous but contends that the award of $1 applies only to the land and the portion of the building within the bed of the mapped street; and claimant requests an award for consequential damage to the portion of the building not within the bed of the mapped street.
Subdivision 3 of section 240 of the Real Property Law states: “ Every instrument creating, transferring assigning or surrendering an estate or interest in real property must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law.”
*945 In Loch Sheldrake Assoc. v. Evans (306 N. Y. 297, 304) the Court of Appeals stated: ‘ ‘ But a reservation or grant in a deed, like every other contract ‘ must be construed according to the intent of the parties, so far as such intent can be gathered from the whole instrument, and is consistent with the rules of law ’ (Real Property Law, § 240, subd. 3). It is only when language used in a conveyance ‘ is susceptible of more than one interpretation ’ that the courts will look into surrounding circumstances, the situation of the parties, etc.”
In Stroh & Sons v. Batavia Homes & Development Corp. (17 A D 2d 385, 388) the Appellate Division stated: “The Court of Appeals has stated that ‘ when words in a deed “have a definite and precise meaning, it is not permissible to go elsewhere in search of conjecture in order to restrict or extend the meaning ” (Uihlein v. Matthews, 172 N. Y. 154, 159, and cases cited). That is the first rule of construction, and in this case we need no other.’ (Loch Sheldrake Associates v. Evans, 306 N. Y. 297, 305.) ”
This court finds that the words in the “ one dollar clause ” have a definite and precise meaning, namely, that the sum of $1 constitutes the compensation for the portions of the land and building within the bed of the mapped street but do not preclude claimants’ rights to damage resulting to the remaining building and fixtures. There is nothing in the record to substantiate the contention of the city that it was the understanding and intention of the parties to the sale of the property in 1957 that the sum of $1 would constitute the total compensation, including consequential damages, for the future condemnation. The conclusion of this court is that the fee claimant is entitled to payment for consequential damages to the remaining building and the tenants in the building are entitled to payment upon their fixture claims.
Even if this deed contained ambiguous language, the general rule is that when a deed contains ambiguous language, the ambiguity is to be construed most strongly against the grantor and in favor of the grantee (Horton v. Niagara, Lockport & Ontario Power Co., 231 App. Div. 386; Gaylord v. Barnes, 128 App. Div. 810; Tubb v. Rolling Ridge, 28 Misc 2d 532, 535).
Furthermore, since it is not disputed that the Corporation Counsel of the City of New York prepared the deed, any ambiguity would have to be construed against the city on the principle that any ambiguity in a written contract must be resolved against the party who drew the contract (Evelyn Bldg. Corp. v. City of New York, 257 N. Y. 501; Taylor v. United States Cas. Co., 269 N. Y. 360).
*946 With respect to consequential damage, the appraiser for the fee claimant testified that the land that remained after the taking would not suffer any damage but the building that remained would have lost its entire front; that to rebuild the front would not be practical from a financial point of view since the replacement cost would exceed the value of the remaining portion of the building, which he estimated at $23,300. He arrived at this amount by prorating the portion of the building lying within the street area and the portion of the building not lying within the street area. His written appraisal fixes $35,300 as the sound value of the entire building and $23,300 as the total damage to the 66% portion of the building left after the taking. It was stipulated at the beginning of the trial that approximately one third of the building was in the bed of Richmond Avenue as mapped.
The appraiser for the city testified that the building was rendered valueless as a result of the taking and agreed with the claimant’s appraisers’ method of evaluation but arrived at a value of $20,748 for the remaining two thirds of the building not in the bed of the street.
Upon all the evidence, the court awards the sum of $1 for the land and portion of the building within the bed of the mapped street and the sum of $22,000 for the consequential damage to the remaining portion of the building.
With respect to the fixture claims, the court awards the following amounts:
No. 3839 Richmond Ave. — Bar & Grill — $3,400
No. 3843 Richmond Ave.— Hardware Store — $1,850
No. 3845 Richmond Ave. — Barber Shop — $2,620
No. 3847 Richmond Ave.— Real Estate office — $1,175
No. 3849 Richmond Ave.— Beauty Shop — $1,300.