OPINION OF THE COURT
Herbert A. Posner, J.
This is a small claims action for interest deducted as a result of early withdrawal of funds from two time deposit accounts maintained with the defendant bank.
Plaintiff opened a joint time deposit, "Nest Egg Account”, No. 112-750-023, maturity date May 17, 1982, in the names of Leo C. Massey or Mary Ann Massey with a $10,000 deposit on May 17, 1976. He then opened a second nest egg account, No. 112-725-134, maturity date December 5, 1981, in the same names with a $6,000 deposit, on December 5, 1977. On October 2, 1979, plaintiff withdrew all the funds in the two accounts and was charged as a penalty for early withdrawal the loss of *677 the first three months’ interest, plus a reduction in interest to the regular passbook rate on each account.
Plaintiff contends that he was not advised that his early withdrawal would result in the loss of three months’ interest. He does admit, however, that he was informed that the interest would be calculated at the passbook rate.
The particular teller who opened plaintiff’s accounts was unavailable for trial. Thus, there was no testimony by the defendant that it in fact complied with Regulation Q (12 CFR 217.4 [e]) which states as follows: "Disclosure of early withdrawal penalty. At the time a depositor enters into a time deposit contract with a member bank, the bank shall provide a written statement of the effect of the penalty prescribed in paragraph (d) of this section, which shall (1) state clearly that the customer has contracted to keep his funds on deposit for the stated maturity and (2) describe fully and clearly how such penalty provisions apply to time deposits in such bank, in the event the bank, notwithstanding the contract provisions, permits payment before maturity. Such statements shall be expressly called to the attention of the customer.” This court finds, upon hearing the testimony of both sides, that the defendant has not complied with the afore-mentioned requirement of notice.
This noncompliance of the defendant raises an interesting legal question with regard to the application of another section of Regulation Q (12 CFR 217.4 [d]), which states: "Penalty for early withdrawals. Where a time deposit with an original maturity or required notice period of one year or less, or any portion thereof, is paid before maturity, a member bank may pay interest on the amount withdrawn at a rate not to exceed that currently prescribed in section 217.7 for a savings deposit: Provided, that the depositor shall forfeit three months of interest payable at such rate”. The defendant argues that member banks have no alternative but to comply with the penalty rule, which is not discretionary. It is the opinion of the defendant that the three months’ interest in both accounts of the plaintiff amounting to $371.27 must be forfeited as a matter of law, and plaintiff is not entitled to that sum.
This court finds otherwise. The New York Court of Appeals has long established the following rule of thumb in relation to banks: "A banking corporation occupies a different relation to the public than do ordinary corporations, and its transactions frequently are subjected to a closer scrutiny and tested by a *678 higher standard than that applied to ordinary commercial affairs.” (Rothschild v Manufacturers Trust Co., 279 NY 355, 359; see, also, Gause v Commonwealth Trust Co., 196 NY 134, 153.) The Rothschild case spelled out (p 359) the basis for this closer scrutiny and higher standard: " 'Banking is a business affected with a public interest. (Noble State Bank v. Haskell, 219 U.S. 104.) Its nature makes it peculiarly an object of legislative solicitude in order that depositors and stockholders may be protected and proper management by those responsible therefor secured according to legislative theories of public welfare.’ (Matter of Morse, 247 N.Y. 290, 303.)”
It has also been held that any ambiguity in a savings bank by-law relating to withdrawal must be resolved against the bank (Commisso v National City Bank, 174 Misc 409, 413, affd 259 App Div 891; Taylor v United States Cas. Co., 269 NY 360, 364; 115 ALR 822).
Most recently, Justice Rodell in Le Bovici v Jamica Sav. Bank (NYLJ, April 22, 1980, p 12, col 2) analyzed the unique role of a banking institution, which is very appropriate in our instant case: "On one hand we had a depositor possibly misled by the siren call of large interest payments, and on the other hand a prestigious and large bank which was zealous in attracting depositors in order to meet the competition from other banks * * * The court will not permit itself to be a casual onlooker and allow a party to claim a narrow and technical legal right * * * This determination is premised upon the failure of the respondent to adequately and succinctly explain to the petitioners not only their rights but their obligations under this agreement.” Although Justice Rodell applied equitable estoppel principles to correct that inequity, this court may achieve the same equitable result under the provisions of section 1804 of the New York City Civil Court Act, which provides: "The court shall conduct hearings upon small claims in such manner as to do substantial justice between the parties according to the rules of substantive law”.
It is the firm opinion of this court that when the defendant bank has been found not to comply with 12 CFR 217.4 (e), it should not be permitted to benefit from a strict application of the immediately preceding 12 CFR 217.4 (d). Such a conflict of statutory compliance should be resolved against the bank (see Commisso v National City Bank, supra). In strict law, as well *679 as in equity, a party should not profit from a penalty where there was a duty to disclose such penalty to the other party.
Accordingly, plaintiff is entitled to judgment in the amount of $371.27.